HOUSE *v.* STATE.

(Division B.　Dec. 10, 1923.)

[98 South. 156. No. 23556.]

1. CONSTITUTIONAL LAW. *Jury. Statute entitling parties to question prospective jurors held constitutional.*

Chapter 294, Laws of 1922, which provides "that the parties or their attorneys in all jury trials shall have the right to question jurors who are being impaneled with reference to challenges for cause, and for peremptory challenges, and it shall not be necessary to propound the questions through the presiding judge," is a mode of procedure, and is not violative of the Constitution.

2. JURY. *Examination of jurors subject to regulation by judge.*
The examination of jurors provided for in this chapter is regulated by the presiding judge, and does not deprive him or any court of any inherent power.

APPEAL from circuit court, of Lee county.
HON. C. P. LONG, Judge.

Dee House was convicted of assault and battery with intent to kill and murder, and he appeals. Reversed and remanded.

*Claude Clayton,* for appellant.

The assignment of errors heretofore filed in this case are all in my judgment well taken, and, I do not care to discuss specifically or categorically each and every one of them, but, will address myself to the first assignment of errors which is the action of the court in overruling the motion of appellant for a change of venue. Many witnesses were introduced by the state when the appellant had filed his application supported by two credible persons for a change of venue. In rebuttal of this testimony appellant also introduced several witnesses. The testimony of the most important witnesses, people who are in public service, indisputably manifested a grudge or ill will in the public mind toward appellant. The newspaper reports which go into many homes, in my judgment, did not only tend but in fact, did create, in the general public's mind, the belief that appellant was guilty.

It is further disclosed by the record that appellant had formerly been convicted of murder. That he had served a term in the state penitentiary. That he escaped twice from this institution, and, that he had been captured each time in the state of Texas. Therefore, I respectfully submit that with the proof submitted to the learned trial judge that the defendant should have been granted a change of venue.

Assignment No. 2 is predicated upon the action of the learned trial judge, in overruling motion of appellant for the right to propound questions direct to the jurors who were to pass upon his guilt or innocence when the jury was being empaneled. This motion is based upon a law passed by the legislature of the state of Mississippi at its 1922 session, and is known as chapter 294 of the acts

of said session of the legislature of the state of Mississippi.

The court, in overruling this motion, used certain language in the presence of the jury, which, in my judgment, clearly indicated the fact that the court believed that appellant was guilty.  The court said that to permit this motion to be sustained would be robbing the court of its inherent power and make a farce of this trial.  It would be turning this into a Shelby county court and prolong this case indefinitely.  That this law was unconstitutional, and, many other remarks, absolutely in the presence of the jury.  I wish it were possible for me to have this court see the manifestations of ire on this occasion.

In the case of *Fuller* v. *The State,* 100 Miss. 811, this court passed upon the question of the inherent right of the court.  This brings me to consideration of the third assignment of errors, which I am submitting to the consideration of the court along with assignment No. 2.

The court erred in refusing Instruction No. 5, asked for by the defendant, because no officer is authorized to arrest a person for a misdemeanor unless it is committed in his presence.  Policeman Carr was attempting to arrest appellant, and had followed him some three or four blocks, and was on his trail when the difficulty occurred.

*J. H. Sumrall,* Assistant Attorney General, for the state.

With reference to the first assignment of error herein it is alleged that the court erred in overruling the motion of appellant for a change of venue:  I respectfully invite the attention of the court to the testimony of the witnesses introduced on behalf of the state and the defendant as contained on pages 8 to 51, inclusive, of the record, in which the testimony of fifteen witnesses introduced by the state on motion for change of venue, who testified that they knew of no state of feeling that existed in the minds

of the general public in the county that would prevent appellant from receiving a fair and impartial trial.

I submit that there is no criminal case presented to any court, but that some people have made up their minds as to the guilt or innocence of the accused, and that this case was not an exception to the rule, neither was there any indication that there were any greater number of people that might have pre-judged this case than any other case.

There are many cases in the law books, too numerous to mention here, especially in view of the fact that this court is doubtless entirely familiar with the rule with reference to the conclusive showing that the public mind is so inflamed against the accused as to make it practically impossible to secure a fair and impartial jury before the trial court would be warranted in granting a change of venue; and I, therefore, respectfully submit that no error was committed by the trial judge in overruling the motion for a change of venue, since in the proper exercise of his discretion he was of the opinion that the testimony failed to show a state of feeling against appellant, that would make it necessary to grant a change of venue to enable the appellant to receive a fair and impartial trial. .

In support of my contention that the trial court was warranted in exercising its discretion in determining the matter of whether or not there was sufficient showing of prejudice to warrant a change of venue, I respectfully invite the attention of this court to the following cases on the subject: *Meeks* v. *State,* 31 Miss. 490; *Mask* v. *State,* 32 Miss. 405; *Stewart* v. *State,* 50 Miss. 582; *Cavanah* v. *State,* 56 Miss. 299; *Dillard* v. *State,* 58 Miss. 368; *Bishop* v. *State,* 62 Miss. 289; *Regan* v. *State,* 87 Miss. 422.

I would also call the attention of the court to the fact that this was not a capital felony, and only a charge which would not incite the general public or interest a great number of people not directly concerned in the matter, or

in the participants therein, and by reviewing the whole record the court will determine that, inasmuch as the record discloses the fact that the first trial resulted in a mistrial, then the court may judge whether or not the appellant had a fair trial. *Waldrop* v. *State,* 129 Miss. 686; *Bond* v. *State,* 128 Miss. 792.

In consideration of the second ground assigned as error, with reference to the court overruling the motion of appellant for the right or privilege of propounding questions direct to the prospective jurors, I have to say that the action of the court in overruling the motion seems to have been in conformity with the long established custom in said court, and but for the enactment of chapter 294 of the Laws of 1922, this question would never have been raised in connection with the trial of this case. *Funcher* v. *State,* 87 So. 487.

Viewing the matter from this standpoint, it is, therefore, manifest that the enactment of this statute was not intended as, nor does it enlarge or change the rights of the accused, nor is it intended to change in any respect the criminal laws of this state respecting crimes of any character; and I, therefore, respectfully submit that in this view of the matter it would not be seriously considered by this court as reversible error for the trial court to decline to make a very decided change in his mode of procedure in mere deference to a newly enacted statute which could not be considered of vital importance, where it is manifest that no material right has been denied or no harm done.

With this brief comment on the purpose and result of the statute in question, which is doubtless sufficient to suggest to the court the unimportance of the question presented, I shall now pass to a more serious consideration of the correctness of the rule of the trial court as expressed by him as his reason for overruling the motion.

The circuit court in the state of Mississippi is a constitutional court, because it is provided for by the con-

stitution of the state of Mississippi, and, therefore, the powers of the circuit court and the jurisdiction thereof are not dependent upon the legislature.

In support of this contention, I respectfully submit that the following general rule is laid down in the text books on the subject, to-wit: ''The difference between the jurisdiction of courts and their inherent power is too important to be overlooked. In constitutional governments, their jurisdiction is conferred by the provisions of the constitution and statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers from both their nature and their ancient exercise must be regarded as inherent.

''They do not depend upon express constitutional ground, nor in any sense upon the legislative will.'' The following cases subscribe to the foregoing rule, to-wit: *Hale* v. *State,* 55 Ohio St. 210; *State* v. *Frew,* 24 W. Va. 416; *In Re Shortridge,* 99 Cal. 256.

In the case of *Hale* v. *State,* supra, the following language is used: ''A power which the legislature does not give, it cannot take away. If power, distinguished from jurisdiction exists independently of legislation, it will continue to exist notwithstanding legislation. From the numerous cases sustaining these views, the following are selected because of their elaborate review of authorities, and their clear and vigorous statement of the principles involved: *State* v. *Frew,* 24 West Virginia, 416; *Little* v. *State,* 90 Ind. 338; *Yates* v. *Lansing,* 5 Johns, 282; *State* v. *Morrell,* 16 Ark. 384; *Arnold* v. *Com.,* 80 Ken. 300; *People* v. *Wilson,* 64 Ill. 195; *Re Wolly,* 11 Bush, 95; *United States* v. *Hudson,* 11 U. S. (3 L. Ed.) 259: *Watson* v. *Williams,* 36 Miss. 331; *Darby's Case,* 3 Wheeley C. C. 1; *Neel* v. *State,* 9 Ark. 259; *State* v. *Matthews,* 37 N. H. 450; *Cartwright's Case,* 114 Mass. 230.''

In addition to the foregoing case quoted from and the authorities cited thereunder, I desire to call the attention

of the court to these additional authorities, from which I quote language to my mind directly applicable to the question under discussion, to-wit:

In the case of *Holman* v. *State,* 105 Ind. 513, it was held: "As the judicial department is a co-ordinate branch of government, and as judicial power can only live in the courts, it must follow that courts possess inherent powers which they do not owe to the legislature."

In the case of *Little* v. *State,* 40 Am. Rep. 224, it was held: "Among the inherent powers of the court of superior jurisdiction is that of maintaining its dignity, securing obedience to its principles and rules, protecting its officers and juries from indignity and wrong, rebuking interference with the conduct of business, and punishing unseemly behavior. This power is essential to the existence of a court."

While I do not express any views as to the decision of the trial court holding the statute in question unconstitutional, in view of the foregoing authorities which correctly represent the weight of authority throughout the United States it is manifest that certain powers exist in the court by which it may regulate its conduct of proceeding, and will be the sole judge of the method of conducting such procedure, so long as it does no violence to the prescribed rules of procedure and does not operate to inflict hardship upon, or deny substantial rights to its litigants; and, I, therefore, respectfully submit that in view of the facts in this case, and the liberal and repeated offer made by the trial judge to propound any reasonable question to any prospective juror that counsel might request, then even though the strict letter and provision of said section were violated this court after a careful review of the record must conclude that no substantial right was denied to the appellant that resulted in harm to him.

Argued orally by *Claude Clayton,* for the appellant, and by *J. H. Sumrall,* Assistant Attorney-General, for the state.

Sykes, P. J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of the crime of assault and battery with intent to kill and murder, and sentenced to serve a term of years in the state penitentiary, from which judgment this appeal is prosecuted.

The court denied the application of appellant for a change of venue and this denial is assigned as error. From the testimony upon this motion we are satisfied that the court was correct in denying same. It is unnecessary to set forth in detail the testimony thereof.

The appellant through his attorney filed in this cause a written motion for permission for himself or attorney to directly interrogate the jury. A similar motion was also made by the same attorney in the case of *J. M. Jones* v. *State,* 98 So. 150, this day decided by us, and in which opinion this motion is set out in full.

This motion is based upon chapter 294 of the Laws of 1922, which reads as follows:

"Section 1. Be it enacted by the legislature of the state of Mississippi, that the parties or their attorneys in all jury trials shall have the right to question jurors who are being impaneled with reference to challenges for cause, and for peremptory challenges, and it shall not be necessary to propound the questions through the presiding judge, but they may be asked by the attorneys or by litigants not represented by attorneys.

"Sec. 2. That all laws and parts of laws and all rules of court in conflict herewith be and the same are hereby repealed.

"Sec. 3. That this act take effect and be in force from and after its passage.

"Approved February 3, 1922."

The learned circuit judge overruled this motion and held this statute unconstitutional because "it seeks to take the inherent powers away from the court."

The legislature has a right to enact laws regulating the procedure of trials in the courts of the state. Many instances of these regulations are referred to in the opinion of Judge ETHRIDGE in the Jones case, *supra.*

Section 26 of the Constitution guarantees to one indicted a trial by an impartial jury. The Constitution does not provide the mode of procedure in trials in the circuit court. In the chapter on circuit courts in the Code we have elaborate provisions regulating the pleadings to be filed by all parties to a suit. Section 577, Hemingway's Code, section 793, Code of 1906, provides that the instructions must be written and prohibits the circuit judge from commenting on the testimony or charging the jury as to the weight of evidence. Under this statute it has been held that the circuit judge has not the power of originating independent instructions. *Watkins* v. *State,* 60 Miss. 323. He cannot of his own motion give any instruction whatever. *Bangs* v. *State,* 61 Miss. 363. This statute does not interfere or take away from a circuit judge his power of instructing the jury, but merely regulates the manner of procedure.

The number of peremptory challenges in civil and criminal cases is likewise regulated by statute.

These statutes relating to the pleadings, instructions, and number of peremptory challenges are statutes of procedure.

The statute in question is of a similar nature. It gives the defendant the right to directly interrogate the jurors tendered him. It in no wise interferes with the power of the court or the circuit judge to pass upon the competency or relevancy of the question or of the answer thereto. He must permit a reasonable examination of the prospective juror either by the defendant or his attorney. He, however, regulates this examination just as he regulates the examination of the witnesses in the cause. It is merely a statute of procedure and in no wise interferes with or takes away any power of the court or judge. It was error to deny this motion of the defendant.

The denial of the motion was in effect a nullifying of the statute. The defendant is entitled to this statutory right. The legislature evidently thought it a very material right when it passed this statute. The statute would serve no purpose if this court did not hold that it was reversible error to deny a defendant the right given him by this statute.

*Reversed and remanded.*