RONEY *v.* STATE.

(Division A. June 13, 1932. Suggestion of Error Overruled, October 3, 1932.)

[142 So. 475. No. 30063.]

Mize, Mize & Thompson, of Gulfport, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant, Herbert Roney, and three others, were jointly indicted for an assault and battery with intent to kill and murder one Will Massey. A severance was

granted, and upon a separate trial of the appellant he was convicted and sentenced to serve a term of four years in the state penitentiary; and from this conviction and sentence, this appeal was prosecuted.

Will Massey, the party alleged to have been assaulted, testified, in substance, that about ten o'clock at night, just after he had closed his place of business in Lyman, Mississippi, the appellant and one Mart West, who were armed with guns, accosted him and forced him into a car, saying to him, "We will show you about watching after us." That they drove to a point about four miles in the country, where they carried him into the woods, and after requiring him to take off his clothing, proceeded to whip him with large switches cut near by. He further testified that the appellant and the defendant Buck West kept him covered by guns, while the defendants Jesse Robertson and Mart West applied the lashes; that the whipping became so severe he broke loose and attempted to escape by running; that when he had run only a short distance, the appellant yelled to him to "Stop, I will kill you," and immediately thereafter shot him down with buckshots, the bullets taking effect in his leg; that Mart West then ran up and hit him in the face with a pine stick, and they then carried him back to the place where they had begun whipping him and proceeded with the whipping. He further testified that they then placed him in their car and informed him that they would be carrying him to a hospital, and that Mart West told him that he must say that he had been shot in his hen house, and, "If you don't say so, I have witnesses enough to prove you were there;" and that he finally persuaded them to carry him to his home instead of a hospital. As to the seizure of Will Massey by the appellant and his codefendants and his being returned to his home by them severely beaten and otherwise wounded, he was corroborated by his wife, Clementine Massey.

The defense offered was an alibi. The appellant and others testified that the appellant was at his home on the

night of the alleged shooting until Mart West and Jesse Robertson came there with the wounded negro in the car; that they came there for the purpose of borrowing money to buy gas to carry the wounded man to a hospital; and that the appellant and Buck West there joined the other two defendants.

The appellant first assigns as error the action of the court below in sustaining objections to certain questions sought to be propounded by his counsel to the jurors on their voir dire examination, the contention being that in so doing the court denied the appellant a right conferred by section 2068, Code 1930, which provides that: ''The parties or their attorneys in all jury trials shall have the right to question jurors who are being impaneled with reference to challenges for cause, and for peremptory challenges; and it shall not be necessary to propound the questions through the presiding judge, but they may be asked by the attorneys or by litigants not represented by attorneys.''

In the cases of House v. State, 133 Miss. 675, 98 So. 156, and Jones v. State, 133 Miss. 684, 98 So. 150, 152, it was held that, while it was reversible error to deny the rights given by this statute, it was not intended thereby to deprive the court of ''control over such examination to see that the privilege was not abused, and that unnecessary delays did not take place under the guise of propounding questions under the statute, the consistency and propriety of the questions being subject to the control of the judge as other examinations.''

The record in the case at bar shows that objections were sustained to four questions therein set forth, but it does not show that the court denied the appellant or his counsel the right to examine the jurors as to their qualifications. It only remains then to determine whether there was reversible error in sustaining objections to the particular questions appearing in the record. To questions propounded by the court, the jurors had answered that they would give the defendant a fair and impartial

trial, would take the instructions of the court as the law of the case, and would follow those instructions, and to the best of their ability bring in a verdict in accordance with the law and the evidence.

The first question propounded by counsel for the appellant was in the form of a statement by counsel of a principle of law to be applied by the jury in determining the guilt or innocence of the defendant. It is the sole province of the court to announce to the jury the law by which they shall be governed, but if it be conceded that it was error to sustain an objection to this question—which we do not decide—we do not think this error would require or warrant a reversal. The second question propounded by counsel involved an inquiry as to whether the jury would acquit the defendant if the evidence appeared in the mind of any one of them to be evenly divided. A reasonable doubt in the mind of one juror does not entitle a defendant to an acquittal; and no error can be predicated on the sustaining of an objection to the question in the form in which it appears in the record. The third and fourth questions each called for an answer from the jurors as to whether they would acquit the defendant in the event the state failed to prove every material allegation of the indictment. These questions did not set forth the material allegations of the indictment; and it has been held that it is improper for the court to give an instruction to the jury referring to the indictment for the material allegations thereof instead of setting them out therein. Cummins v. State, 144 Miss. 634, 110 So 206; Magee v. State, 145 Miss. 227, 110 So. 500. The same rule should apply to questions propounded to the juries on their voir dire examination, and no reversible error was committed in sustaining objections to these questions.

The court granted the state an instruction to the effect that the jury should convict the defendant if it believed from the evidence beyond a reasonable doubt that he willfully, unlawfully, and feloniously shot and wounded the .

said Will Massey with the willful, unlawful, felonious, and malicious intent to kill and murder him, and then also granted an instruction to the effect that, in order to find him guilty, it was not necessary that the jury believe that the defendant, Herbert Roney, actually. fired the shot that wounded the said Will Massey, if they believed from the evidence beyond a reasonable doubt that the shooting was done feloniously and with malice aforethought by either of his codefendants and he willfully, unlawfully, feloniously, and of his malice aforethought aided, abetted, or assisted them in the shooting. The appellant assigns as error the granting of the latter instruction on the ground that there was no evidence that any of the defendants other than the appellant actually shot the said Massey, and therefore no evidence upon which to base the instruction. It is true that the testimony of the prosecuting witness was that the appellant alone fired the shot which wounded him, and that there is no evidence that either of the other defendants fired a shot, and, consequently, this instruction should not have been given; but in view of the positive and direct evidence that the appellant himself fired the shot, we do not think the instruction complained of could have prejudiced him in any way.

On the cross-examination of the appellant, in response to interrogatories, he admitted that he had previously been convicted of grand larceny. He was then asked if he had served a term in the penitentiary for that crime, and he answered that he had. Thereupon the appellant's counsel interposed an objection and a request for a mistrial, which were overruled. No motion was made to exclude the appellant's answer to this question. He now assigns as error the action of the court in overruling the objection interposed to the question and answer.

Under section 1532, Code 1930, which provides that any witness may be examined touching his conviction of any crime, it has been frequently held that it is not permissible to show the details of any crime for which one

has been committed, and that the inquiry should be limited to showing the fact of such conviction; and it is likewise improper to inquire into the character and amount of punishment imposed and suffered. However, since the appellant admitted that he had been convicted of grand larceny, it is hardly probable that competent and intelligent jurors did not know that the crime for which he had been convicted was punishable by imprisonment in the penitentiary, and we do not think that the fact that the jurors were informed in this case that the appellant had served a term in the penitentiary would justify or warrant a reversal; and particularly is this true in view of the fact that the question was answered by the appellant before an objection thereto was interposed, and there was no motion to exclude the answer. Upon the whole record, we do not think there is any reversible error, and, therefore, the judgment of the court will be affirmed.

Affirmed.