## BROOKS v. STATE.

(In Banc. Dec. 8, 1941.)

[4 So. (2d) 886. No. 34816.]

Edwards & Edwards, of Mendenhall, for appellant.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

Alexander, J., delivered the opinion of the court.

Appellant was convicted of manslaughter under an indictment charging him with culpable negligence in the operation of an automobile upon the highway. There is no error in the giving or refusing of instructions. There was no error in examining appellant as a witness touching former convictions of crime. As impeachment a witness may be interrogated both as to fact of conviction and the identity of the crime. Peacock v. State, Miss., 174 So. 582. A defendant when used as a witness in his own behalf is within the rule. Appellant assigns further that the verdict is against the overwhelming weight of the evidence.

There is a sharp conflict in the testimony as to whether the conduct of appellant in suddenly veering to the right and running off the paved portion of the highway was necessitated by the presence of another automobile which was turning to the left in front and across the path of appellant. The issue thus presented to the jury could have been resolved either way, and we are unable to say that their verdict is not supported by the evidence nor that it is contrary to its overwhelming weight.

Affirmed.

**McGehee, J.**, delivered a dissenting opinion.

After a careful study of the record in this case I am of the opinion that the overwhelming weight of the reasonable and believable testimony clearly discloses that after the southbound car had stopped at the intersection, for the traffic light to change from red to green, it then proceeded to the east for the purpose of entering a street leading toward the business section of the City of Ellisville and then suddenly stopped across the east side of the public highway upon seeing the appellant's car approaching the intersection from the south, thereby rendering it necessary that the appellant swerve his car to the right and off the pavement, in order to go around the other car and avoid a collision therewith; that in doing so the appellant was not in position to see the pedestrians ahead until he was in such proximity to them as to be unable to avoid striking the deceased. That, therefore, if the appellant was guilty of negligence it consisted in his failure to anticipate that the other car might turn to the east in front of him, as it had no right to do, at a time when he had the first right to proceed across the intersection, and also in not having his own car under such control that he could have avoided the accident after being confronted with the impending emergency; it being shown that after the position of the other car across the highway and of the pedestrians respectively became known to him he put forth every effort to avoid a collision with the car and to get his own back onto the pavement before striking the deceased. Moreover the driver of the other car fully corroborated the foregoing version of the facts.

Since it was held in the case of Gregory v. State, 152 Miss. 133, 118 So. 906, 909, that criminality cannot be predicated upon mere negligence or carelessness, but only upon "that degree of negligence or carelessness which is denominated as gross and which constitutes such a departure from what would be the conduct of an ordinarily

careful and prudent man under the same circumstances as to furnish evidence of indifference to consequences,'' I do not think it safe to sustain the conviction of manslaughter in this case on the ground of culpable negligence, unless the result of another trial should warrant it.

**Griffith** and **Anderson, JJ.,** concur in this dissent.