## POWELL *v.* STATE.

(Division B. May 10, 1943. Suggestion of Error Overruled June 14, 1943.)

[13 So. (2d) 622. No. 34957.]

**W. W. Pierce,** of Jackson, and **Johnson & Allen,** of Indianola, for appellant.

Greek L. Rice, Attorney-General by Russell Wright, Assistant Attorney-General, for appellee.

.164

Argued orally by **P. W. Allen** and **W. W. Pierce**, for appellant, and by **Russell Wright**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted under Code 1930, Section 1122, for rape committed upon a young girl fifteen years of age. The direct evidence of the prosecutrix was sufficient to make a case for the jury. It was moreover corroborated in several particulars by her mother as to the condition of her clothing and by her physician as to the condition of her person. The testimony for the appellant, except for his denial of the assault itself, was not inconsistent with that for the state, and in many respects confirms that of the prosecutrix as to their prior meeting and their presence in the automobile in which she alleges the assault was committed. The responsibility for resolving various conflicts and for adjudging credibility was properly left with the jury.

During the examination of the prosecutrix, certain photographs were exhibited to her which she identified

as depicting the scene of the crime. It is assigned as error that by the use of these pictures the State violated the well-established rule that details of this crime may not be shown by the complaint or report of the prosecutrix. Counsel has misapplied this rule which prohibits the state from showing any statement made by her except the mere complaint that she had been violated. The rule is an admitted exception to the hearsay rule and is allowed for the purpose of permitting the victim of such outrage from being discredited by interferences which would stem from her silence. Ashford v. State, 81 Miss. 414, 33 So. 174.

The disclosed purpose of this evidence and the basis for its admission was to establish venue. The scene shown by the photographs was testified to by the photographer and by a deputy sheriff and other witnesses who were present. The prosecutrix was also present when the pictures were made. The locality was identified as the scene of the crime, not by quoted statements of the victim but by her direct testimony. There was nothing improper in thus adding her testimony to that of others to attain the total of identification. Moore v. State, 30 Ala. App. 552, 9 So. (2d) 146, 147. The girl's testimony furnishes an element that was not present in Lewis v. State, 183 Miss. 192, 206, 184 So. 53, and is thus distinguished.

Appellant also assigns as error that, upon his cross-examination, he was asked not only whether he had been convicted of crime but also as to the nature of the offense and the extent of his sentence. The question was "You were convicted at the August 1935 term of the Circuit Court at Belzoni for larceny of cotton?" to which appellant, after objection thereto was overruled, replied, "Yes, sir." Later he was asked: "You served a term of sixty days and paid a fine of $100?" "No, sir." "What did you do?" "I served forty-five days and paid a fine of $100." "You got some time off for good behavior?" "Yes, sir." The questions went beyond allowable limits which restrict the inquiry to the mere fact of conviction

and the identity of the offense. Brooks v. State, 192 Miss. 121, 4 So. (2d) 886. Yet the effect of this examination is controlled by the principle announced in Roney v. State, 167 Miss. 532, 142 So. 475, in which such error was held not prejudicial. Here, the inquiries elicited information which not only was to appellant's credit but operated to disabuse the jurors of any doubt whether the offense was grand or petit larceny and shielded him from any assumption that he had been punished by confinement in the penitentiary. Other errors assigned are found to be without merit.

Affirmed.