WHITE *v.* STATE.

(Division A.   June 9, 1947.)

[30 So. (2d) 894.   No. 36419.]

**Tally D. Riddell,** of Quitman, and **E. T. Strange,** of Meridian, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Tally D. Riddell**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appeal here is from a conviction for the crime of burglary. The owner of the grocery store which was

burglarized during the night of March 16, 1946, testified as to the fact of the burglary, and as to what was stolen from the store. He knew nothing as to who committed the crime.

Among the articles of merchandise taken there were about twenty sacks of flour, seventy cartons of cigarettes, and about one hundred and twenty pounds of sugar, which was put up in five pound bags; and also some cigars, cheese, matches, gloves and other articles.

The prosecution relied for conviction upon the uncorroborated testimony of an alleged accomplice, Joe Harris, as to the actual participation of the appellant in the crime, and upon the further circumstance of his having left his home to evade the officers when they went there to arrest him. The testimony was in sharp conflict as to both of these issues.

The testimony of Joe Harris as to the effect that he furnished the automobile for the journey to the store, that the stolen goods were divided about equally between the three participants in the crime when they arrived near the home of the appellant, that the latter received fifteen cartons of cigarettes, two sacks of flour, and eight five-pound bags of sugar, along with other articles, as his one-third of the loot. The other alleged accomplice, Marion Gabriel, was available, but was not placed on the stand as a witness. After the trial the witness, Harris, was permitted to withdraw his previous plea of guilty to this burglary charge, and enter a plea of guilty of a misdemeanor—wilful trespass.

On the following Monday, after the commission of the crime on Thursday night, the officers searched the home of the appellant, but found none of the merchandise which could be identified as having been stolen from the store. They testified that they found five bags of sugar in his home of the same brand and weight; but the evidence on behalf of the defendant disclosed that he had purchased four of them from another neighborhood grocery store a few days prior thereto, and none of the other stolen

merchandise was found there after diligent search on two occasions.

The appellant seeks a reversal of his conviction on three grounds; first, that he was entitled to a directed verdict in his favor; second, that the testimony of the officers as to what they found at his home, and to his alleged attempt to flee from the scene when they sought to arrest him, was incompetent and inadmissible, for the reason that neither an affidavit nor a search warrant for the premises was produced at the trial, and the failure to produce the same was not properly accounted for; and, third, because the State as permitted to make proof as to a withdrawn plea of guilty to a burglary charge on a former occasion, where the defendant had been sentenced on a substituted plea of guilty for the less offence of a wilful treaspass.

We are of the opinion that the first contention is not well taken, for the reason that under all of the evidence the proof was sufficient to present a question of fact for the jury; and that as to the second contention the objection to the introduction of the testimony in regard to the search was not seasonably made.

We are of the opinion, however, that the third ground is well taken; that it was prejudicial error to let the prosecuting attorney inquire into what amounted to no more than an extra-judicial confession of the commission of a separate and distinct crime, for which a plea of guilty had been withdrawn, and no sentence had been imposed thereon.

Section 1693, Code 1942, authorizes the examination of any witness as to his conviction of any crime, but not in regard to any withdrawn plea of guilty of a separate and distinct offence. In the case of Dodds v. State (Miss.), 45 So. 863, 864, the Court held that, ''But for the statute, no questions along this line could have been asked at all, and the statute must be strictly construed in favor of a defendant, and it only permits a witness to be examined as to his 'conviction of any crime,' and

allows his answers to be contradicted, 'and his conviction of a crime established by other evidence.' This all goes to the credibility of the witness; . . ." In the instant case the accused had not placed his character in issue, so as to render competent such a confession of another offence.

The defendant was asked, on direct examination, "Have you ever been convicted of any offence?" Answer, "Yes, sir." "Q. What was it? A. Wilful trespass." This should have ended the inquiry, unless the prosecution desired to inquire as to his conviction of other offences, based upon a plea of guilty, or a conviction disclosed by the judgment of some court. The inquiry by the prosecuting attorney as to the circumstances under which the plea of guilty to a wilful trespass had been enter, and for the purpose of showing that there had been a withdrawn plea of guilty of a greater offence, wholly disconnected with the charge on which the defendant was being tried, could have served no purpose other than to prejudice the rights of the defendant, and bring about his conviction where his guilt or innocence might otherwise have been left in reasonable doubt, in the opinion of an unbiased jury.

The State relies upon the case of Jenkins v. State, 98 Miss. 717, 54 So. 158, for the admissibility of this evidence, in which case the accused after pleading guilty before a justice of the peace, appealed his case to the Circuit Court, and the prosecution was permitted to prove the plea of guilty as a confession of the particular crime for which he was being tried on the appeal, but held that the plea of guilty in such case amounted to no more than an extra-judicial confession of the crime for which he was then on trial in the Circuit Court. But it has not been held that what amounts to no more than extra-judicial confessions of separate and distinct offences is admissible in evidence where the defendant has not put

his character in issure. In other words, the prosecution is only permitted to inquire as to previous convictions as effecting the credibility of the witness.

Reversed and remanded.