## SMITH *v.* STATE.

Mar. 23, 1953

No. 38680 25 Adv. S. 57 63 So. 2d 557

*John B. Gee* and *Vance W. Good,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ETHRIDGE, J.

Appellant, Charlie Smith, was convicted in the Circuit Court of Warren County for manslaughter. He argues three assignments of error.

 It is first contended that appellant should have been given a directed verdict, and that the verdict of the jury is against the great weight of the evidence; that under the rule of Weathersby v. State, 165 Miss. 207, 147 So. 481, (1933), the jury had to accept appellant's version of the killing, which was self-defense, because he was the only eye-witness and his testimony was not substantially contradicted in material particulars either by credible witnesses for the State or by the physical facts. However, we think that the record is sufficient to support the verdict. Two women standing across the street from where the killing occurred were for all practical purposes eye-witnesses. See Massengill v. State, 62 So. 2d 330, (Miss. 1953). Their testimony tended to show that the appellant hit Cotton, the deceased, with a board at a time when there was no apparent threat or danger to appellant, and that he did not act in necessary self-defense. Although their testimony was somewhat indefinite as to whether they could see Cotton's hand over the hood of an automobile, their testimony, coupled with that of others who were in the cafe at the time the controversy started, contradicted appellant's version and amply supported the jury's verdict.

Appellant says that the State failed to prove venue, or the place where the crime occurred. However, during the direct examination of Tom Brooks, a witness for the State, his attorneys stipulated and admitted that the cafe where the crime occurred, and by clear infeernce the crime itself, "was in Warren County, State of Mississippi." Appellant argues that neither he nor his attorneys can waive his constitutional right that the State prove the venue and the jurisdiction of the Circuit Court of Warren County. It is true that appellant could not waive the jurisdiction of the trial court over the subject matter and parties, and it was necessary that the offense must have occurred in Warren County in order for that jurisdiction to exist. However, appellant, through his

attorneys, had the right to waive formal evidence to prove facts which would show the jurisdiction of that court. In other words, ██ appellant could not forego the requirement that the court must have jurisdiction of the subject matter and parties, but he could waive proof of it, and that was what appellant's attorneys did in the instant case. The applicable rule is stated in 5 Am. Jur., Attorneys at Law, Section 93: ██ ''Admissions of facts made by an attorney in the progress of the trial are usually held to be binding on his client, provided such admissions are distinct and formal and made for the express purpose of dispensing with formal proof of such facts at the trial, especially if acquiesced in by the client through his silence. This rule applies in criminal prosecutions, whether the admission is made by the defense counsel or the prosecuting attorney, and in the case of an attorney employed by a municipal corporation, as well as to an attorney employed by an individual.' Under the distinction made above, the case of Hunt v. State, 61 Miss. 577 (1884), is not pertinent. There it was held that a defendant could not waive the constitutional requirement of a trial in a criminal case by a jury of twelve men. The record showed that only eleven served on the jury. Twelve men were a constitutional prerequisite to a jury trial as defined in the State Constitution. And so in the present case appellant did not have the power to give up the requirement that the circuit court must have jurisdiction. But he could waive, as he did, formal proof of facts establishing that jurisdiction.

In the cross-examination of appellant, appellant admitted that he had been convicted in Louisiana of assault and battery, and stated that that was his only conviction. The following then occurred: Q. ''Have you ever been in Gloster, Mississippi?'' A. ''Yes, sir.'' Q. ''Were you conivcted of crime down at Gloster, Mississippi?'' A. No, sir, not in my life.' Q. ''Do you remember talking to Mr. Chaney and me over in the jail?'' A. ''Yes,

sir." Q. "You remember talking to us?" A. "Yes, sir." Q. "What did you tell us about your trouble at Gloster?" (By Mr. Gee: We object to that.) Q. "What did you tell us about Gloster, Mississippi, when you were convicted of fighting at Gloster, Mississippi and put in the calaboose?" A. "Oh, I forgot about that." Q. "Tell the jury about it." A. "That was me and my old lady, and she had be arrested. That was the only time."

Appellant says that this interrogation constituted reversible error, since the district attorney was permitted to inquire into the details of the crime in Gloster. It will be noted that originally appellant denied that he had been convicted of a crime in Gloster, and that then the district attorney undertook to refresh his memory by referring to what appellant had told him. He then specifically asked the appellant whether he had been convicted of fighting in Gloster, to which appellant replied that he had forgotten about that, and appellant then stated that the conviction resulted from a fight between himself and his wife. ■■■ Code of 1942, Section 1693, permits a witness to be examined only concerning his conviction of a crime, and not concerning its details. ■■■ However, the questions propounded are not error on this record. The questions were designed to refresh appellant's memory and to identify the conviction, not to describe its details. Appellant himself volunteered most of the facts concerning the conviction. And although appellant's attorney objected to one of the questions, he obtained no ruling from the court thereon, and no motion was made for a mistrial or to exclude the answer. Roney v. State, 167 Miss. 532, 142 So. 475 (1932).

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes,* and *Lotterhos, JJ.* concur.