SMITH, Justice:
Gerald Lee Benedetti was indicted for intentionally pointing and aiming a gun at another, discharging the gun so intentionally pointed and aimed, thereby injurying such other. The crime charged was that defined and proscribed by Mississippi Code 1942 Annotated section 2013 (1956). Ben-edetti’s trial in the Circuit Court of George County resulted in his conviction, and he was sentenced to serve a term of 8 years in the penitentiary.
The evidence of guilt reflected by the record, including appellant’s own testimony, was ample to support the jury’s verdict of guilty.
The action of the trial court in overruling objections to questions propounded to appellant, testifying as a witness in his own behalf, as to his prior criminal convictions, is assigned as error.
Mississippi Code 1942 Annotated section 1693 (1956) provides as follows:
Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence; * * *
In Simmons v. State, 241 Miss. 481, 492, 130 So.2d 860, 865 (1961), where the defendant testified as a witness in his own behalf, this Court said:
We have repeatedly held that the State can show that the defendant had been *672 convicted of criminal offenses to discredit him as a witness, provided details of the same are not given. * * *
See also Brooks v. State, 192 Miss. 121, 4 So.2d 886 (1941) and Brown v. State, 96 Miss. 534, 51 So. 273 (1910).
The action of the trial court in overruling objections to questions propounded to appellant touching former convictions was not error.
Other matters assigned for reversal are without merit and we find no prejudicial error in the record affecting the validity of appellant’s conviction. However, it is clear that he was indicted and tried under the provisions of Mississippi Code 1942 Annotated section 2013 (1956), under which the maximum penalty is 5 years confinement. The sentence of 8 years imposed upon appellant was improper. The conviction of appellant of a violation of Mississippi Code 1942 Annotated section 2013 (1956) is affirmed but the case will be remanded in order that the trial court may impose sentence under that section not to exceed the maximum of 5 years.
The conviction is affirmed and the case is remanded for the single purpose of the imposition of a proper sentence.
Affirmed as to the conviction, reversed as to the sentence imposed, and remanded for the purpose of resentencing.
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.