The appellant and another person were indicted for the crime of grand larceny by *Page 140 
the Circuit Court of Adams County, Mississippi. The appellant was tried separately and convicted of grand larceny by the circuit court. He now appeals to this Court and alleges that the indictment was defective and that certain errors were committed during the trial of the case.
The evidence shows that on the night of April 7, and the early morning of April 8, 1971, at approximately 12:30 A.M., the defendant and his co-indictee were observed by a night watchman entering a dead end road in an empty truck and returning a few moments later in a truck which was heavily loaded. Houses belonging to the Highland Realty Company, a corporation, were under construction along this dead end road. Upon observing the defendant enter the dead end road, the night watchman notified the sheriff's department by means of a two-way radio of what he had seen. At this time, a deputy sheriff was dispatched to the scene to investigate the occurrence. The night watchman continued to observe the road and in about five or ten minutes the pickup came out of the road. The night watchman notified the sheriff's department again and directed them as to the route of travel of the pickup. The deputy sheriff positioned himself along the route being taken by the defendant and, within a few minutes, had stopped the defendant and found his truck loaded with roofing shingles.
After having heard the argument and having carefully examined the record, we are convinced that two issues are raised by the appellant in this case on appeal which merit discussion.
The indictment, leaving out the formal parts, is in the following language:
 "THE GRAND JURORS . . . upon their oath, present that Bobby Murray and Prentiss Mathis, late of the County aforesaid, on the 8 day of April 1971, in the County aforesaid, did wilfully, unlawfully and feloniously take, steal and carry away thirty-four bundles of roofing shingles of the aggregate value of $103.00, good and lawful money of the United States, the personal property of Highland Realty Co., a Mississippi corporation. . . . against the peace and dignity of the State of Mississippi."
The defendant, Bobby L. Murray, filed a demurrer to the indictment upon the ground, among other things, that the indictment was indefinite and uncertain. The trial court overruled the demurrer, and the appellant argues on appeal that he was not informed of the charge against him.
Appellant bases his argument upon Rutherford v. State,196 Miss. 321, 17 So.2d 803 (1944) as authority for his position that the indictment was defective. In Rutherford the indictment charged the theft of "a quantity of clover seed, the personal property of Charles Fletcher and of the value of more than $25.00 in lawful money." This Court pointed out that the indictment was vague and indefinite. The Court said that although Section 2459, Mississippi Code 1942 Annotated (1956) permits the charge of larceny of money or evidences of debt to be described "in general terms," still, the common law requirement that the description of personal property must be reasonably definite and certain was not abrogated by Section 2459, supra.
We might add here that to be informed of the crime of which the accused is charged is one of the fundamental rights guaranteed by our Constitution. Section 26, Mississippi Constitution 1890.
In the case of Barnes v. State, 230 Miss. 299, 92 So.2d 863
(1957), this Court re-examined the Rutherford case, supra,
along with other cases. In the Barnes case the indictment charged that:
 ". . . The indictment here stated the number of sacks of feed, and the weight of each, together with the value of each and the value of the entire ten sacks, with the name of the owner. This identified the property. . . ." 230 Miss. at 304, 92 So.2d at 865. *Page 141 
The Court then held that the contention of the appellant (as to vagueness) was not well taken.
The argument that the indictment in the instant case was vague has given us considerable concern, particularly since the value of the property alleged to have been taken is so close to the borderline of the value required to be shown in order to sustain a felony charge. Section 2240, Mississippi Code 1942, as amended by Chapter 359, Section 1, General Laws of 1966.
A review of the evidence in this case shows that there were thirty-four (34) bundles of roofing of the value of three dollars and five cents ($3.05) or the total value of one hundred and three dollars and seventy cents ($103.70). The indictment is not vague, although the total value of the thirty-four (34) bundles of roofing shingles is alleged rather than the value of each bundle. Of course, the issue as to whether or not there were thirty-four (34) bundles of roofing shingles of the value alleged in the indictment was an issue for the jury.
The next important contention of the appellant is that the trial court committed serious error in permitting the prosecuting attorney to interrogate the defendant about the details of a prior conviction. The following questions and answers were permitted by the Court.
 "Q. Mr. Murray, let me ask you this, you are talking kind of quiet. You say you were convicted when you were about twenty-one years old?
 A. Yes, sir.
 Q. What charge was that on?
 A. Grand larceny.
 Q. The same charge as this?
 A. Yes, sir.
 Q. I believe you served a sentence on probation, is that correct?
 A. Yes, sir.
 Q. You didn't go to the penitentiary?
 A. No, sir.
BY MR. WELLS:
 We object to getting into the details.
BY THE COURT:
 Overruled, he is on cross examination."
Under our statutory trial procedure (Section 1693, Mississippi Code 1942 Annotated [1956]), the defendant may be interrogated about his conviction of crime, but we have held that the statute must be strictly construed in favor of the defendant. Johns v. State, 255 So.2d 322 (Miss. 1971); Berry v. State, 212 Miss. 164,54 So.2d 222 (1951).
The right to cross-examine a defendant with reference to his former convictions in order to impeach or discredit his testimony is limited to the fact that the defendant was convicted and does not include the right to go into the details of the former crime, nor into the punishment given as a result of the conviction. Hartfield v. State, 186 Miss. 75, 189 So. 530, 533 (1939).
In the case of Mangrum v. State, 232 So.2d 703 (Miss. 1970) the defendant testified as to his former convictions and also that he had been sentenced to the state penitentiary and had been released on parole. We held in that case that the questions by the district attorney of defendant, "Now, Tracy, tell the Court and jury about the time you stole the tractor." and again, ". . . [T]ell the Court and jury about the time you stole the table saw out of the house." were not prejudicial because they were questions about crimes not admitted by defendant and were necessary in order to impeach the defendant.
Moreover, we have repeatedly held that the foregoing statutory procedure permitting the prosecuting attorney to examine a defendant as to a former conviction does *Page 142 
not permit inquiry as to the details of a conviction. Barlow v. State, 233 So.2d 829 (MISS. 1970); Mangrum v. State,232 So.2d 703 (Miss. 1970); Smith v. State, 217 Miss. 123, 63 So.2d 557
(1953); White v. State, 202 Miss. 246, 30 So.2d 894 (1947); Roney v. State, 167 Miss. 532, 142 So. 475 (1932); Walker v. State,151 Miss. 862, 119 So. 796 (1929); Dodds v. State, 45 So. 863 (Miss. 1908).
In Roney, supra, this Court said:
 "On the cross-examination of the appellant, in response to interrogatories, he admitted that he had previously been convicted of grand larceny. He was then asked if he had served a term in the penitentiary for that crime, and he answered that he had. Thereupon the appellant's counsel interposed an objection and a request for a mistrial, which were overruled. No motion was made to exclude the appellant's answer to this question. . . ." 167 Miss. at 538, 142 So. at 477.
The Court then said:
 ". . . However, since the appellant admitted that he had been convicted of grand larceny, it is hardly probable that competent and intelligent jurors did not know that the crime for which he had been convicted was punishable by imprisonment in the penitentiary, and we do not think that the fact that the jurors were informed in this case that the appellant had served a term in the penitentiary would justify or warrant a reversal; . . ." 167 Miss. at 539, 142 So. at 477.
In the case of Powell v. State, 195 Miss. 161, 13 So.2d 622
(1943) this Court cited the Roney case in which the interrogatories were similar to the questions in Powell and the answers given mentioned his previous punishment. This Court had this to say:
 ". . . The questions went beyond allowable limits which restrict the inquiry to the mere fact of conviction and the identity of the offense. Brooks v. State, 192 Miss. 121, 4 So.2d 886. Yet the effect of this examination is controlled by the principle announced in Roney v. State, 167 Miss. 532, 142 So. 475, in which such error was held not prejudicial. . . ." 195 Miss. at 165-166, 13 So.2d at 623.
The questions with reference to the punishment of the defendant on a former conviction should not have been permitted to go to the jury. The testimony for the state (which was accepted by the jury) shows that the defendant was apprehended "red-handed" in the actual commission of the crime of larceny, and although the questions propunded by the district attorney went beyond the limits prescribed by this Court, we are of the opinion that this case should not be reversed because of this error.
We feel, however, that we should point out to the prosecuting attorneys that similar questions as to the punishment of a defendant on a former conviction in a less preponderating case of guilt may be considered a reversible error. The cross-examination of a defendant as to former convictions should be limited to the fact of the previous conviction, and other details with reference to a former conviction should not be pursued on cross-examination.
We do not find that the other assignments of error complained of by the appellant are well taken and for that reason we do not discuss them. We are convinced that under the facts in this case the judgment of the trial court should be affirmed.
Affirmed.
PATTERSON, SMITH, ROBERTSON, and SUGG, JJ., concur. *Page 143