336 So.2d 1309 (1976)
Jerry Wayne BRIDGES
v.
STATE of Mississippi.
No. 49251.
Supreme Court of Mississippi.
September 7, 1976.
Moore, Epps, Ginger & Coleman, Jackson, for appellant.
A.F. Summer, Atty. Gen., by John C. Ellis, Special Asst. Atty. Gen., Jackson, for appellee.
*1310 Before PATTERSON, SUGG and WALKER, JJ.
SUGG, Justice, for the Court.
Defendant, Jerry Wayne Bridges, was indicted, tried and convicted of burglary in the Circuit Court of Scott County. At the time of his trial the defendant was awaiting sentencing on a forgery charge in Louisiana to which he had pled guilty. On cross-examination during the burglary trial evidence of his prior guilty plea was elicited from the defendant. The issue is whether a guilty plea is admissible for the purpose of impeaching a defendant's credibility as a witness when sentence has not been imposed and final judgment has not been entered on the plea of guilty.
Mississippi Code Annotated Section 13-1-13 (1972), provides "Any witness may be examined touching his interest in the cause or his conviction of any crime . ." A defendant who chooses to testify is within the rule set out in the statute. The prosecution has a right to cross-examine a defendant concerning his previous convictions for the purpose of impeaching his credibility as a witness. Thornton v. State, 313 So.2d 16, 18 (Miss. 1975); Brooks v. State, 192 Miss. 121, 123, 4 So.2d 886 (1941); Hartfield v. State, 186 Miss. 75, 92, 189 So. 530, 533 (1939).
The United States Supreme Court discussed the effect of a guilty plea in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), wherein the Court stated:
A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the Court has nothing to do but give judgment and sentence. (274 U.S. at 223, 47 S.Ct. at 583, 71 L.Ed. at 1012).
This Court expressed approval of the foregoing quote in King v. State, 254 Miss. 917, 923, 183 So.2d 494, 496 (1966). While the precise question presented in Kercheval, supra, is not at issue on this appeal, nevertheless, the language is applicable.
The lower court committed no error by allowing evidence of the defendant's guilty plea. A plea of guilty is tantamount to a conviction for purposes of Mississippi Code Annotated section 13-1-13 (1972). Until the court in which the guilty plea is entered permits the plea to be withdrawn, it is admissible for the purpose of impeaching a defendant's credibility as a witness.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.
LEE, J., took no part.