'ADALINE BROWN v. STATE OF MISSISSIPPI.

[51 South. 273.]

CRIMINAL LAW AND PROCEDURE. *Unlawful sale of intoxicating liquors.*
*Witnesses. Credibility. Code* 1906, § 1923. *Conviction of crime.*

·The statute, Code 1906, § 1923, allowing a witness, as bearing on
his credibility, to be examined touching his conviction of any
crime, is not exhausted when he has been examined as to one
crime; he may be examined touching his conviction of any num-
ber of crimes.

FROM the circuit court of Pike county.
HON. MOYSE H. WILKINSON, Judge.

Lady Brown, appellant, was indicted and tried for and con-
victed of the unlawful sale of intoxicating liquors and appealed
to the supreme court. The facts upon which the decision turned
are stated in the opinion of the court.

*Clem V. Ratcliff,* for appellant.

In Code 1906, § 1923, it is provided that a witness may be
examined touching his interest in the cause or his conviction of
any crime. Of any crime, means what it says. If it meant
that the witness might be examined as to one conviction only,
it would have said so. One reason for the provisions of this
statute is, that to show interest or conviction of a witness tes-
tifying, goes to his credibility. If it goes to his credibility to
show one conviction, to show several or more than one, affects
his credibility still more. If the section and the construction
of it, should hold, or mean, that a party is limited to showing
only one conviction to affect the credibility of the witness, that
would be tantamount to holding that one conviction shown is
sufficient to disqualify a witness altogether to testify. But the
law says a litigant may show convictions of any crimes. Then if

a party may show one conviction, he may show a dozen, if he can, and thus discredit the witness in proportion to the jury's confidence in him as a confirmed criminal. This is the meaning and effect of the statute; the intent and purpose of it. In this case appellant was denied the right to show more than one conviction. Under the late decision of this court in the case of *Turner v. State,* 95 Miss. 879, 50 South. 629, this was held to be reversible error. Defendant has not had a fair and impartial trial and her material rights have been denied her.

*George Butler,* assistant attorney-general, for appellee.

While Code 1906, § 1923, authorizes a witness to be questioned touching his conviction of crime, the trial courts are not thereby precluded from excluding matters which are too remote; or from sustaining objections where the same matter has already been proved, over and over again. All things earthly must end somewhere, and the trial court was not without support in reason for its rulings in this case. The statute exhausts itself sometime and is not warrant for a perpetual inquiry into a man's past history in the courts.

Argued orally by *Clem V. Ratcliff* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

MAYES, J., delivered the opinion of the court.

Section 1923 of the Code of 1906 provides that any witness may be examined touching his conviction of any crime; yet when counsel undertook to cross-examine as to this, and asked the witness if he had been convicted of more than one crime, the trial court refused to allow the question to be asked. The statute says that the witness may be examined touching his conviction of any crime; that is to say, not whether he has been convicted one time only, but of all convictions. The whole purpose of this testimony is addressed to the credibility of the

witness, and, this being the case, all that would operate to discredit, by showing numerous convictions, ought under this statute to be allowed to go to the jury.

We do not think the other exceptions of counsel are well taken.

*Reversed and remanded.*