POOL *v.* STATE.

[83 South. 273, In Banc.   No. 21008.]

CRIMINAL LAW.  *Objection must be made to absence of accused.*
   Under Code 1906, section 1495 (Hemingway's Code, section 1253),
   providing for waiver of presence of accused during trial where a
   prisoner on trial for murder was absent from the courtroom in
   jail when the district attorney commenced his argument to the
   jury, but his absence being discovered was brought into court
   and the district attorney repeated in his presence substantially
   what he had said in his absence and neither the prisoner nor his
   counsel objected to what had been done in the prisoner's absence,
   until after conviction.  In such case the conviction will not be
   set aside where it does not reasonably appear that what was
   said and done in the prisoner's absence substantially prejudiced
   his case and prevented a fair and impartial trial.

APPEAL from the circuit court of Lawrence county.
HON. C. V. HATHORN, Special Judge.
Lee Pool was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*Magee & Gibson,* for appellant.

There is but one assignment of error made and in-
sisted upon by appellant to reverse this case. The ap-
pellant was in the custody of the sheriff confined in the
county jail and his trial allowed to progress in his
involuntary absence without his consent.  If the consti-
tution and the statute of the state permit this or, if it
is in the discretionary approval of the trial court to
permit this, then this case should be affirmed; other-
wise, it should be reversed and this court will reverse
it. The question as outlined above is presented by this
appeal to the court in its naked and stripped form,
because there is not even a hint in the record to show
that the defendant voluntarily absented himself from

the trial, or, that his consent, express or implied, was given in order that his trial might proceed in his absence.

In the case of *Thomas* v. *State,* 117 Miss. 532, it was held by a divided court that the defendant's voluntary absence from his trial would not be reversible error. The construction placed upon the statute by the court in the *Thomas Case, supra,* puts us dangerously nigh the precipice or jumping-off place, and leaves but one other point in the statute to keep it alive and that is, may a capital felony trial progress in the absence of the defendant when defendant is forcibly kept from the trial by being placed in jail and no consent given by defendant that his trial thus proceed?

If this court holds that this may be done, then the statute, section 1495 of the Code, 1906, is entirely swept away, and nothing is left of it except the discretionary approval, of the trial court and the action of this court under Rule 11. We submit very respectfully that this section of the code and section 26 of the Constitution were adopted and enacted for a great purpose and that by them defendants in criminal trials are given such fundamental rights as cannot be taken from them.

We think the cogent reason and beautiful language of Judge WHITFIELD in the *Ellerbe Case,* 75 Miss. 530 is applicable to the question at issue in the case at bar when he said: "Disregard of a fundamental right in the case of the guiltiest defendant, his conviction in violation of settled constitutional and legal safeguards intended for the protection of all, are not things which affect the particular defendant in a given case alone but, in their disastrous and far-reaching consequences, involve in future trials the innocent and guilty alike, subvert justice and disorganize society."

We call the court's attention here to the following cases and to what this court has said upon this question: *Watkins* v. *State,* 110 Miss. 438. In this case the defendant was absent while a witness was being ex-

amined and the court revered the conviction. *Doss* v. *State,* 104 Miss.—; *Lee* v. *State,* 101 Miss.—; *Sadler* v. *State,* 98 Miss. 401; *Stanley* v. *State,* 97 Miss. 860. All the above cases show that defendant was absent while witnesses were being examined, and for this terror the causes were reversed. *Warfield* v. *State,* 96 Miss. 170. In this case the defendant was absent while the jury was being empaneled and the cause was reversed for this error. *Sherrod* v. *State,* 93 Miss. 774. In this case the defendant was absent when the verdict was returned into court and this court held that was error and reversed the case, and further, that the defendant in a capital felony case could not waive his right to be present when the verdict was returned into court.

The above are only a few of the authorities which might be cited in this brief, and we deem it useless to prolong this brief by further remarks or citation of authorities. The *Watkins, Farfield* and *Sherrod Cases, supra,* were not overruled by the opinion in the *Thomas Case, supra,* as was stated by Judge HOLDEN in his opinion rendered in the Thomas case, and if they are still the law, then necessarily the case at bar will have to be controlled by them and reversed, In fact we submit that the case at bar will have to be reversed or else the very long, uniform and hitherto unbroken line of decisions of this court overruled, and this cannot be done without doing violence to the statute under review.

*A. W. Dent,* Assistant Attorney-General, for the state.

A motion was made by appellant, asking that the verdict of the jury be set aside and a new trial awarded him because he was being tried for a capital felony, to wit; murder, and that his trial was allowed to progress

in his absence, without his consent, and while he was confined in the county jail.

The court overruled this motion for a new trial, and the action of the court in overruling this motion is the only error assigned by the appellant upon which he seeks to have this court reverse the case and give him a new trial.

In the cases of *Watkins* v. *State,* 104 Miss.—; *Lee* v. *State,* 101 Miss.—; *Saddler* v. *State,* 98 Miss.—; *Staniey* v. *State,* 97 Miss.—; *Warfield* v. *State,* 96 Miss.—; and *Sherrod* v. *State,* 93 Miss.—; the point, in the case at bar, was not raised. In all of these cases, *supra,* the defendants were absent during the progress of the trial etc., voluntarily.

In the case at bar, the appellant could not be present during the progress of his trial, to wit, when the county prosecuting attorney began his opening argument for the state to the jury, because he was confined in the county jail, which was an involuntary act on his part. Is the argument of the counsel to the jury a part of the progress of the trial?

In the case at bar, the question is: Can a capital felony trial progress in the absence of the defendant when the defendant is forcibly kept from the trial by being placed in jail and no consent given by the defendant that his trial thus proceed? We have been unable to find any authority holding that this could be done.

Holden, J. delivered the opinion of the court.

The appellant, Lee Pool, was tried and convicted upon a charge of murder and given a life sentence, from which he appeals.

Reversal of the judgment of the lower court is asked on the ground that the trial of the accused proceeded during his involuntary absence. In support of this contention, the record shows that, when the court reconven-

ed in the morning, the county prosecuting attorney
began his opening argument to the jury before the
accused was brought to the courtroom from the jail.
As soon as the judge discovered the absence of the
prisoner, he stopped the argument of the prosecuting
attorney and had the prisoner brought to the courtroom
and seated within the bar by his counsel, who were al-
ready present while the prosecuting attorney was ad-
dressing the jury. After the prisoner was present with
his counsel, the prosecuting attorney again began his
address to the jury and repeated in substance, as near
as he could, what he had said to the jury in the absence
of the prisoner. There was no objection made at any
time by the accused or his counsel to proceeding further
with the prosecution and trial of the case. The trial
progressed to conviction and sentence without objection
or protest upon the part of the accused or his counsel,
and the complaint against proceeding in the absence of
the prisoner was made for the first time in the motion for
a new trial. According to the agreement in the record,
the county prosecuting attorney addressed the jury in
the following language during the absence of the accused.

"Gentlemen of the jury, I am sure that you share with
me the gratification that this trial is about to come to
an end. We are about to get it behind us, and every
man connected with, it, I am sure, will have the con-
sciousness of duty well performed. At the outset I will
say that this defendant, though a negro, is entitled to
the same fair and impartial trial as if he were a white
man. His able counsel, Mr. Magee, before accepting
you on the jury, asked you the question whether or not
you would give him such a trial and you assured him
that you would. He knew, and we all know, that you
would not let his color prejudice you; but he asked the
question in order to specially impress you along this
line. Now to turn the case around, I wish to remind
you that the deceased was also a negro, and you should

not forget that under our law the life of a negro, though he be a worthless negro, at that, is just as amply protected as the life of any white man. So I ask you to remember this, and not regard your duty lightly."

It is urged by the appellant that the lower court committed fatal error in proceeding with the trial while the accused was involuntarily absent in the custody of the sheriff. It is practically admitted by counsel for the appellant that the rule of waiver announced in *Thomas* v. *State,* 117 Miss. 532, 78 So. 147, Ann. Cac. 1918E, 371, is in the way of reversal here, but urges that the absence in the Thomas Case was voluntary, while here it was involuntary; and further that the rule announced in the *Sherrod Case,* 93 Miss. 774, 47 So. 554, 20 L. R. A. (N. S.) 509, *Warfield Case,* 96 Miss. 170, 50 So. 561, and *Watkins Case,* 110 Miss. 438, 70 So. 457, should be followed by this court in the case at bar, notwithstanding that these cases were impliedly, if not expressly, overruled by the Thomas Case. Counsel for appellant in their brief say that: "The construction placed upon the statute by the court in the Thomas Case puts us dangerously nigh the precipice or jumping-off place."

We are constrained to adhere to the rule announced in the Thomas Case. That decision dealt principally with the true construction of the statute, section 1495, Code of 1906 (section 1253, Hemingway's Code), which was applicable there, and also here. The Thomas Case should occasion no fright when closely approached. The opinion in that case simply announced a just and sensible rule of procedure under the statute, which in no case could result in depriving the accused of any substantial right on the trial. Instead of that case putting us "dangerously nigh the precipice," we think it was a step to higher and safer ground, and placed procedure in criminal cases on a more reasonable and sane basis, and was conducive to a better administration of justice.

We think the only substantial difference between the *Thomas Case, supra,* and the before us, is that the accused in the Thomas Case waived his presence at the trial by voluntarily absenting himself and failing to object to the progress of the trial after his return, and here the accused was involuntarily absent and failed to object to the further progress of the trial after his return, and having knowledge of what transpired in his absence. But the decisive point is whether or not the accused waived his presence by failing to object, and thereby impliedly consenting to the further progress of the trial. Whether the prisoner waived his presence by his voluntary absence or waived it after his return makes no difference. It is a waiver in either event.

It has been held by this court, in the Sherrod Case for instance, that the accused may waive his presence expressly or impliedly. The inquiry then is whether or not, as a matter of fact, the prisoner waived his presence We think the appellant impliedly waived his presence after he reached the courtroom by failing to object to further proceeding, and thereby consented that the case proceed to final judgment. In such cases there may be an empress or implied waiver. The waiver may be implied by the acts and conduct of the accused or by express language. In either event, it is a waiver, and he cannot complain. He must object before verdict, or he waives by consent. The accused was informed as to what happened during his absence, but made no protest to proceeding further. If he fails to object and accepts his chance of a favorable jury verdict, he cannot afterwards complain.

Under the Thomas Case, it will be observed that the old rule that the accused could not waive his presence in a capital case, under the common law, was overruled in construing and following section 1495, Code of 1906; section 1253, Hemingway's Code. Therefore the question to be determined is whether or not the accused did in

fact, either expressly or impliedly, waive his right to be present during the progress of the trial.

We respectfully call attention to that part of the statute interpreted in the Thomas Case which provides that the prisoner may waive his presence and the trial progress "at the discretion of the court." This provision means that it is within the sound discretion of the fair-minded and impartial judge to say in such cases whether or not the trial will proceed against the accused, even though the accused waived his presence in the manner prescribed by the statute. It is obvious that to permit a trial to progress against the accused, in some instances, even though he had waived his presence, where his absence was of such a length of time and the proceedings had in his absence were such as to substantially injure or prejudice his rights in the case, would be an abuse of the judicial discretion reposed in the judge, and such error would be subject to review and correction here.

The opening address by the county prosecuting attorney in this case manifestly did no injury to the appellant. A perusal of it will be convincing that it was as favorable to the accused as to the state. It therefore appears that no harm was done the appellant by the argument of the prosecuting attorney in his absence, and the court was not in error in discretionarily permitting the trial to progress after the absence of the accused, because the accused impliedly waived his presence, and it does not reasonably appear that what was said and done in his absence substantially prejudiced his case and prevented a fair and impartial trial.

The judgment of the lower court is affirmed.

*Affirmed.*

SYKES, J., dissenting.