### Breland *v.* State.

June 14, 1954

No. 39216          67 Adv. S. 6          73 So. 2d 267

*William V. Murry,* Hattiesburg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The appellant, Bruce Breland, was convicted in the Justice of the Peace Court of District No. 5 of Marion County of the unlawful sale of intoxicating liquor. He appealed the case to the circuit court, where he was again tried and convicted by a jury and was sentenced to serve a term of ninety days in jail and to pay a fine of $500. From that judgment he prosecutes this appeal.

Shelby Pittman, the deputy sheriff, testified that on the night of December 27, 1952, he was in the Negro quarters of the City of Columbia and that he observed several Negroes going into and coming out of the appellant's cafe; that he walked up to the building, looked through

the glass door and saw the appellant deliver a half pint of whiskey to a Negro, who paid the appellant $1 for the whiskey; and that he took the whiskey from the Negro as the Negro left the cafe. A few minutes later the officer entered the cafe and arrested the appellant. The half pint of whiskey, which was moonshine whiskey, was introduced in evidence by the State. On cross-examination the officer stated that he did not arrest the Negro who had purchased the whiskey, and that he did not know his name. The officer stated that there were seven or eight people in the cafe at the time the appellant sold the half pint of whiskey to the Negro.

The appellant denied that he had sold any whiskey during the night of December 27, 1952, or at any other time. He stated that there were several other people in the cafe during the evening and at the time that he was arrested. The appellant's wife testified that she was in the cafe during the evening and at the time of the appellant's arrest, and that she did not see any whiskey in the cafe.

The appellant assigns several errors as grounds for reversal on this appeal. But the most serious contention made by the appellant's attorney in his brief is that the court erred in permitting the State to introduce in evidence over the appellant's objection the docket of C. O. Stevens, a justice of the peace, to show that the appellant had been convicted on a criminal charge and had paid a fine of $5 on April 25, 1952; and, in view of the conclusion that we have reached on that point, it will not be necessary for us to consider the other assignments of error.

While the defendant was being cross-examined by the district attorney, he was asked whether he had ever been convicted of any crime. He stated that he had not. He was then asked whether he had ever paid a fine in any court. He stated that he had never paid a fine. He was then asked if it were not true that he had paid a fine of

$5 and court costs in Judge C. O. Stevens' court on April 25, 1952. He stated that he had never been in Judge Stevens' court. After the defendant had rested, the State introduced C. O. Stevens as a witness in rebuttal, and over the objection of the defendant's attorney the State was permitted to have the witness identify and introduce in evidence one page of the justice of the peace court docket, which showed that the defendant had been charged with the crime of "interfering with the law." The docket showed no arraignment, no plea, no trial or conviction, and no judgment of any kind. There was a notation on the docket as follows: "5.00 & cost. 4/25/53." The defendant objected to the admission in evidence of the docket entries, unless the court record was brought up; but the court overruled the objection. No record of a trial or conviction was produced.

Section 1693, Code of 1942, provides that:

"Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence; * * *."

This Court has held that the examination of a witness touching his conviction of crime may extend to misdemeanors as well as to infamous crimes. Lewis v. State, 85 Miss. 35, 37 So. 497. This Court has also held that the record of a conviction of a misdemeanor is admissible to impeach the veracity of a witness. Helm v. State, 67 Miss. 562, 7 So. 487. In the case of Berry v. State, 212 Miss. 164, 54 So. 2d 222, the Court said that if the defendant, upon being asked the question whether he had ever been convicted of felonious assault, had answered the question in the negative, then it would have been permissible for the State to contradict his answer by showing the record of his former conviction, if such there was, and thus assailing his credibility.

It was competent for the State in this case to ask the appellant whether he had ever been convicted of any

crime; and when the witness denied that he had been convicted, the State had a right to introduce the record of conviction, if there was such record, for the purpose of contradicting the appellant's answer. The error complained of here is that the State was permitted to introduce a record which showed nothing more than a memorandum entry of a charge of "interfering with the law." The record failed to show a conviction of any kind. The court, in overruling the appellant's objection, said: "That is the official court record and it is the best evidence itself, and it has been admitted in evidence." The jury was left to believe that the record showed a conviction and that the appellant had been guilty of perjury in denying that he had been convicted.

In the case of Board of Supervisors of Forrest County v. Steele, 124 Miss. 340, 86 So. 810, this Court said: "The justice of the peace court is a court of record, and the evidence of its judgments must be found upon his official docket, if the docket is in existence, and a memorandum or copy of an intended judgment is not a judgment, at least so long as the official docket can be produced. The docket was produced in this controversy, and no judgment appears in it. Code of 1906, Section 2726. We need go no further."

What the State was seeking to prove by the official docket in this case was a judgment of conviction; and no such judgment appeared on the docket. We think that the court erred in admitting the docket entries in evidence. We also think that the error complained of was prejudicial. The State's evidence was limited to the testimony of one witness. The appellant's defense was based largely upon his own testimony. The State had a right to discredit the appellant's testimony by showing that he had been convicted of a crime, if there had been such conviction. But the docket entries showed only that the appellant had been *charged* with a crime.

The judgment of the lower court is therefore reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Roberds, Holmes* and *Gillespie, JJ.,* concur.