232 So.2d 703 (1970)
Tracy MANGRUM
v.
STATE of Mississippi.
No. 45732.
Supreme Court of Mississippi.
March 2, 1970.
Hugh L. Bailey, Winona, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice.
This case came to this Court from a judgment and sentence of the Circuit Court of Carroll County, Mississippi. The defendant, Tracy Mangrum, was indicted for the alleged murder of James S. Caffey and convicted of manslaughter. He was sentenced to serve a term of fifteen (15) years in the State Penitentiary. Appellant's motion for a new trial was overruled and he appealed.
The record shows that the defendant went to a "stock car race" in Carroll County on the 29th of June, 1968. He was with some friends near the "pits" when one of his companions "bumped into" James Sterling Caffey. An argument ensued; whereupon, Charles Ables and Caffey went to the top of a hill behind the bleachers to "settle the argument." The appellant, Mangrum, Donald Phillip Coleman, and others followed them. There is a conflict of evidence as to what occurred on the hill. Mr. Coleman testified that when the party stopped on the hill, Charles Ables had his arms folded and the appellant warned him not to "hold your arms up like that if you are going to fight." James Caffey said "don't worry about me, doll, I can take care of myself." Whereupon, the appellant stepped forward and cut James Caffey across the chest. There were no other blows made between any of the participants. Caffey was taken to the hospital and died a short time after his arrival. A doctor testified that the cut had severed the internal mammary artery and the deceased's death resulted from a massive loss of blood.
The defendant, Mangrum, testified that he did not cut the deceased, James S. Caffey; that a boy standing in front of *704 Charles Ables struck appellant, knocking him down. He said this boy must have been Caffey and that he had a "silver crescent wrench." He testified that Coleman had a "pipe or tire tool." He testified there were about eight (8) or ten (10) persons in the fight. He said he did not join in the fight after he was knocked down. He denied that he told Leroy Cook and Mike Goss that he had cut someone after the fight. However, Leroy Cook and Mike Goss both testified that appellant came to each of them and told them he had cut someone and each of them said he had blood on his shirt.
Appellant contends that the verdict of the jury was contrary to the weight of the evidence. We are convinced, however, that this contention is not tenable. There is ample evidence in this record on which a guilty verdict may be predicated.
The appellant contends that the trial court committed reversible error in permitting the district attorney to question the appellant about other crimes the appellant was alleged to have committed. This contention arose under the following circumstances. The attorney for the defendant, after having questioned him about the affray on the hill, said: "Mr. Mangrum, I want you to be honest with the court and jury and tell them exactly all the crimes that you have been convicted of as near and as close as you recall?" The defendant testified that he had been convicted of traffic violations and burglary; that he had been sentenced to the penitentiary and had been released on parole. On cross examination the district attorney said: "Now, Tracy, tell the Court and jury about the time you stole the tractor down on the Parkway?" Objection was made and overruled. The defendant then admitted that he paid a fine. He was then asked "Now, tell the Court and jury about the time you stole the table saw out of the house?" The Court also permitted the district attorney to ask him about other traffic violations that he had overlooked in his original testimony.
The law of Mississippi permits the cross examination of a witness "touching his interest in the cause or his conviction of any crime." Section 1693, Mississippi Code 1942 Annotated (1956). We have said that where a defendant is reluctant to disclose all the criminal offenses of which he has been convicted, the district attorney was permitted to "press him to obtain the information." Dorroh v. State, 229 Miss. 315, 90 So.2d 653 (1956). A witness, however, can only be interrogated about charges resulting in his conviction. Smith v. State, 217 Miss. 123, 63 So.2d 557 (1953). He cannot be questioned about an indictment or charge made where no conviction was had against the witness. Statham v. Blaine, 234 Miss. 649, 107 So.2d 93, 108 So.2d 213 (1958); Breland v. State, 221 Miss. 371, 73 So.2d 267 (1954); Turberville v. State, 179 So. 340 (Miss. 1938); Mars v. Hendon, 178 Miss. 157, 171 So. 880, 173 So. 286 (1937); Starling v. State, 89 Miss. 328, 42 So. 798 (1906).
We agree with the contention of the appellant that in any case the district attorney is not permitted to question the witness about the details of his conviction. Walker v. State, 151 Miss. 862, 119 So. 796 (1929).
In the instant case, the district attorney did not question the defendant as to details of the alleged convictions. We find no error in permitting the cross examination under the circumstances shown in this record.
The appellant complains that the court rejected two instructions offered by the defendant. The first instruction is based upon the right of self-defense. The second instruction is based upon the theory that the state is required to establish the guilt of the defendant "beyond any reasonable hypothesis consistent with the innocence of the defendant * * *" We are of the opinion both instructions were properly refused by the trial judge. The defendant obtained nineteen (19) instructions, *705 including instructions on the right to "act on appearances" and "self-defense." The defendant testified that he did not strike the fatal blow that killed the deceased, and further, he could not say who struck him (the appellant); moreover, the court had given instructions on self-defense.
The second instruction is an instruction given in circumstantial evidence cases and is not permitted where there are eyewitnesses and the case is based upon known facts. Burgess v. State, 245 Miss. 1, 145 So.2d 160 (1962); Cobb v. State, 226 Miss. 181, 83 So.2d 833 (1955); Pettus v. State, 200 Miss. 397, 27 So.2d 536 (1946); Pool v. State, 120 Miss. 842, 83 So. 273 (1919).
We are unable to find reversible error in the record of this case, and for that reason, the judgment of conviction is hereby affirmed.
Affirmed.
ETHRIDGE, C.J., and BRADY, PATTERSON and SMITH, JJ., concur.