267 So.2d 813 (1972)
John Oliver FERRILL
v.
STATE of Mississippi.
No. 46900.
Supreme Court of Mississippi.
October 16, 1972.
Wade M. Baine, Gulfport, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Tried in the Circuit Court of Harrison County, John Oliver Ferrill was convicted of manslaughter and sentenced to twenty years in the penitentiary. This Court finds no reversible error and therefore affirms.
The jury was justified in finding the following facts: John Oliver Ferrill and his co-indictee, Johnny Lynn Rettig, both young and strong, were confined in the Harrison County jail. Willie Bufkin, aged, frail and small, who had been drinking, was placed in the jail about six o'clock p.m. Defendant told Bufkin that he (Bufkin) was going to stay in the utility room (where there was no bunk) and that he (Bufkin) was not going to keep everybody awake that night. Bufkin went to the utility room but came out from time to time during the night and next morning, and each time defendant and Rettig would *814 tell him to go back to the utility room, and Bufkin would do so. About eleven o'clock in the morning after Bufkin was placed in jail, he came out of the utility room and sat down at a table. Defendant told Bufkin to get back in the utility room and Bufkin replied, "You got no right to keep me shut up in there." Defendant then took Bufkin by the arm, raised him up and shoved him toward a door that led to the utility room. Bufkin caught the bars on the sides of the door with each hand. Defendant tried to push Bufkin through the door and, failing this, he put a "hammerlock" on him and jerked Bufkin until his feet came out from under him. With Bufkin's head bent toward the floor, Ferrill turned him loose and his body shot forward and his head and back struck the bars opposite the door. Bufkin's neck was broken. He told them he could not move or feel. Defendant and Rettig then dragged Bufkin by his feet and put him in the shower and turned the water on him. They tried to make Bufkin get up but he could not do so. They then put a bucket over Bufkin's head and ran water on it. Later, defendant and Rettig dragged Bufkin by his hands and put him in the utility room where he stayed until the authorities took him to the hospital. Medical examination revealed that he was paralyzed from a factured dislocation of the sixth cervical vertebra, from which he died two days later.
Defendant assigns as error the action of the trial court in connection with questions propounded defendant's witness, Bobby Lemley, who had testified on direct examination that Bufkin told him (Lemley) that he fell in the shower. Lemley, who had already testified that he had been convicted of a crime, was asked on cross-examination how many times he had been convicted, to which Lemley replied, "Twice." Under further cross examination by the district attorney, it developed that Lemley had been convicted in Atlanta, Georgia, Houston, Texas, and Harrison County, Mississippi, and that he had escaped jail in Harrison County. The district attorney then questioned Lemley outside the presence of the jury in an effort to find out when Lemley was absent from the jail. When the jury returned, Lemley was asked if he had been convicted of jail escape and his reply was that he had not, that he had plead guilty of burglary. Then, over objection, Lemley was asked what days he was gone from the jail and he replied, "May 19th through May 21st," which was about two weeks after Bufkin received his fatal injuries.
In Mangrum v. State, 232 So.2d 703 (Miss. 1970), this Court said:
The law of Mississippi permits the cross examination of a witness "touching his interest in the cause or his conviction of any crime." Section 1693, Mississippi Code 1942 Annotated (1956). We have said that where a defendant is reluctant to disclose all the criminal offenses of which he has been convicted, the district attorney was permitted to "press him to obtain the information." Dorroh v. State, 229 Miss. 315, 90 So.2d 653 (1956). A witness, however, can only be interrogated about charges resulting in his conviction. Smith v. State, 217 Miss. 123, 63 So.2d 557 (1953). 232 So.2d at 704.
The district attorney went further than was necessary and further than Mangrum permits although the record justified the conclusion that Lemley was a reluctant witness. However, we hold that any error in this regard was harmless in view of the overwhelming proof on behalf of the state. Miss.Sup.Ct.Rules, Rule 11.
Defendant contends the trial court committed reversible error in not requiring jury instructions to be filed in advance of the trial as required by Rule 14, Uniform Rules for the Circuit Courts of Mississippi. The record shows that all of the instructions for the state and the defendant were filed for the first time at the conclusion of the testimony. Neither side complied with Rule 14.
*815 This Court adopted Rule 42, Rules of the Supreme Court, on April 1, 1971, which is as follows:
Whereas, the judges of the circuit courts of Mississippi have adopted uniform rules of procedure for the circuit courts, and among those rules adopted is Rule 14 requiring attorneys to file jury instructions with the circuit clerk and to deliver copies of instructions proposed to be given the jury to opposing counsel before the trial. The rule further provides that attorneys are required to dictate their specific objections to an instruction offered, thus giving the trial judge an opportunity to pass upon the objections before the case is argued before the jury.
After considering the foregoing rule, we are convinced that it will aid in promoting better judicial procedure and should be implemented by this Court. It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice. This rule shall take effect and be in force as to all cases tried after June 1, 1971.
Appellant's contention in the present case is without merit for several reasons. First, no objection was made to proceeding to trial without receiving the state's instructions in accordance with Circuit Court Rule 14. Secondly, trial judges may waive the requirements of Rule 14, Clark v. State, 260 So.2d 445 (Miss. 1972), although the requirements of Rule 42 of this Court may not be waived. And, thirdly, the defendant is not shown to have been harmed in any manner by the failure of the state to pre-file its instructions.
The third assignment of error is a complaint that the trial court erred in granting state's instruction No. 2, defining manslaughter and distinguishing it from murder. Defendant made no objection to this instruction as required by Rule 42, and, therefore, may not complain of any error therein.
Affirmed.
JONES, PATTERSON, SMITH and SUGG, JJ., concur.