307 So.2d 545 (1975)
Johnny R. BAKER
v.
STATE of Mississippi.
No. 48176.
Supreme Court of Mississippi.
February 3, 1975.
*546 W.S. Moore, Julie Ann Epps, Thomas J. Ginger, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Johnny R. Baker, along with Paul Pickering, Stephen Eugene Nester, and Grover Turner, was indicted in the Circuit Court of Warren County of the crime of burglary and larceny. Appellant was granted a severance and after a jury trial was convicted and sentenced to serve a term of six years in the State Penitentiary. From this conviction and sentence he appeals. We reverse and remand.
Appellant assigns as error two propositions for the reversal of this case: First, that the trial court committed reversible error by unduly restricting the right of appellant to cross-examine the state's witness Ferrell McCormick relative to whether he had ever been convicted of a crime, and Second, the trial court was in error in refusing to grant a mistrial based upon the argument of the prosecuting attorney which it is contended amounted to a comment on the failure of the defendant to testify in his own behalf.
The evidence on behalf of the state established that on August 25, 1972, the Mid-South Supply and Lumber Company in Vicksburg was broken into and merchandise worth several thousand dollars was stolen. The only testimony connecting the appellant with the crime was the testimony of Paul Pickering, a co-indictee, and the testimony of Ferrell McCormick, who testified that he purchased part of the stolen merchandise. Appellant's defense was an alibi, and he did not testify in his own behalf.
Paul Pickering, a co-indictee, testified that appellant was a participant in the burglary and larceny. On cross-examination it was brought out that this witness had been previously convicted of burglary and had twice been convicted of auto theft. The witness Ferrell McCormick testified on direct examination that he purchased a part of the stolen merchandise and appellant participated in the sale. On cross-examination this witness was asked if he had ever been convicted of a crime or misdemeanor. The court sustained an objection to the question and refused to require the witness to answer the question.
It is clear that counsel for appellant in propounding the question followed the procedure outlined in Wells v. State, 288 So.2d 860 (Miss. 1974), and that the trial court was in error in sustaining the objection to the question. It has long been the law in this state that a witness may be cross-examined touching his conviction of a crime which may extend to misdemeanors as well as infamous crimes. Breland v. State, 221 Miss. 371, 73 So.2d 267 (1954); Brown v. State, 96 Miss. 534, 51 So. 273 (1910); and Section 13-1-13, Mississippi Code 1972 Annotated.
The action of the trial court in sustaining the objection to the question propounded unduly restricted the right of the appellant to cross-examine the witness. We said in Patrick v. State, 285 So.2d 165 (Miss. 1973):
This Court is firmly bound to the proposition that it is of utmost importance in *547 the administration of justice that the right to cross-examination be preserved unimpaired. Justice Griffith in commenting on the importance of the right of cross-examination in Prewitt v. State, 156 Miss. 731, 735, 126 So. 824, 825 (1930) said:
It is the law's most useful weapon against fabrication and falsehood. As a test of the accuracy, truthfulness, and credibility of testimony, there is no other means as effective. In this state, cross-examination is allowed coextensive with the issues, Walton v. State, 87 Miss. 296, 303, 39 So. 689; not only, but it may proceed into the collateral circumstances surrounding, or in any way affecting, the transaction to the full extent that they have relevant connection by way of testing the memory, accuracy, sincerity, interest, or bias of the witness. In all these matters the privilege of counsel rightfully has broad latitude, and, to make it fully effective towards the purposes for which the law allows and favors it, the privilege should not be interfered with or hampered or restricted by the trial judge, except in clear case of irrelevancy, trespass beyond admissible ground, or extremes of continual, aimless repetition. (285 So.2d at 167.)
The state urges that the error in this regard was harmless under the facts and circumstances of this case. We cannot agree. The credibility of the witnesses was the real issue for the jury to determine in this case. The somewhat discredited testimony of the accomplice was bolstered by the testimony of McCormick. The trial court denied the appellant the right to fully cross-examine McCormick on an important matter, and we cannot say beyond a reasonable doubt that the error was harmless.
As to the second proposition, it is conceivable that the argument of the prosecuting attorney could be construed as a comment upon the failure of appellant to testify. However, since this case must be reversed, we need not belabor this question since it should not reoccur on another trial.
For the reasons stated, this case is reversed and remanded for another trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, WALKER and BROOM, JJ., concur.