BRIDGES, P.J.,
for the Court.
¶ 1. In August of 2000 Linda Y. Barnes filed a complaint for divorce from George N. Barnes on the grounds of adultery, habitual cruel and inhuman treatment and habitual drunkenness. She also requested a hearing for temporary relief and a temporary restraining order. In February of 2001 Linda filed a motion for contempt based on George’s failure to pay the ordered temporary support.
¶ 2. In George’s answer he alleged habitual cruel and inhuman treatment and irreconcilable differences. The case was continued six times due to George’s failure to appear at the hearing. Finally, in August of 2002, George appeared in court. Linda gave testimony on both direct and *478 cross-examination, while George only gave testimony on direct before the court was adjourned for the day. George failed to appear at the next hearing date in October and the judge determined no additional testimony would be heard, leaving Linda without an opportunity to cross-examine George.
¶ 3. In a letter to the trial judge, Linda requested the testimony of George not be considered since she did not have an opportunity to cross-examine but the trial judge handed down his final decree without indicating whether or not the testimony of George was considered or excluded.
STATEMENT OF THE ISSUES
I. WAS IT REVERSIBLE ERROR FOR THE CHANCELLOR TO REFUSE TO ALLOW THE PLAINTIFF TO CROSS-EXAMINE THE DEFENDANT?
II. DID THE TRIAL COURT PROPERLY APPLY EQUITABLE DIVISION PRINCIPLES UNDER FERGUSON WHEN DIVIDING THE MARITAL ASSETS?
III. DID THE TRIAL COURT ERR IN NOT AWARDING LINDA BARNES ALIMONY?
FACTS
¶ 4. Linda and George were married in July of 1986, in Covington, Tennessee. They have one child from the marriage, George N. Barnes, II, born in November of 1987. The couple initially resided in Memphis, Tennessee, until they moved to Iuka, Mississippi. The couple resided there and George opened a dental practice until the separation when George moved to Ger-mantown, Tennessee.
¶ 5. A divorce was granted on the grounds of irreconcilable differences. In the divorce decree the chancellor ordered the marital home sold and the proceeds divided between them. Linda retained sole use and possession of the 1998 Mercedes Benz. Linda retained possession of her personal property which was moved to Germantown and George retained possession of his personal property remaining in Iuka. No alimony was awarded and the couple received joint custody of their minor child.
ANALYSIS
¶ 6. The standard of review in domestic relations case is well settled in the areas of divorce, alimony and child support. An appellate court is required to respect the findings of facts made by a chancellor if they are supported by credible evidence and are not manifestly wrong or clearly erroneous, provided that the proper legal standard was applied. Sumrall v. Munguia, 757 So.2d 279, 282 (¶ 12) (Miss.2000).
I. WAS IT REVERSIBLE ERROR FOR THE CHANCELLOR TO REFUSE TO ALLOW THE PLAINTIFF TO CROSS-EXAMINE GEORGE BARNES?
¶ 7. George Barnes was not cross-examined because he failed to appear at the hearing. This was one of numerous times George had failed to appear at a scheduled court hearing. The chancellor determined that the cross-examination of George was the only testimony remaining in the case and he could render his decision fairly without a cross-examination. The chancellor did allow both sides an opportunity to submit “findings and conclusions of law on the matter.” Linda did submit a letter to the chancellor requesting the direct examination of George to be excluded from consideration and the letter also listed numerous findings of fact.
*479 ¶ 8. There is no ruling on whether or not the chancellor considered the testimony of George or excluded it like Linda requested in her letter. This Court would like to note that Linda’s request was never put into the form of a motion. Linda in her brief refers to Wisdom v. Stegall, 219 Miss. 776, 70 So.2d 43 (1954), which holds a chancellor cannot base his finding and renderings on personal knowledge of the facts of a case but can only rely upon the evidence adduced before him at the trial. Cross-examination is a useful tool “against fabrication and falsehood” as well “as a test of the accuracy, truthfulness, and credibility of testimony.” Baker v. State, 307 So.2d 545 (Miss.1975). The cross-examination of George, who was not only a witness but a party, was necessary for the chancellor’s complete deliberation of the Barnes’ marriage and assets without a one-sided slant on the facts and circumstances. The chancellor’s decision to grant the divorce and division of the marital assets without Linda having an opportunity to cross-examine George is reversed and rendered.
II. DID THE TRIAL COURT PROPERLY APPLY EQUITABLE DIVISION PRINCIPLES UNDER FERGUSON WHEN DIVIDING THE MARITAL ASSETS?
¶ 9. When dividing marital property the chancellor is to “make specific findings of fact and conclusions of law in support of her division of the assets”, as this Court has required in Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994); Sandlin v. Sandlin, 699 So.2d 1198, 1203-04 (Miss.1997); Kilpatrick v. Kilpatrick, 732 So.2d 876, 880 & 882 (Miss.1999); and Heigle v. Heigle, 771 So.2d 341, 346-48 (Miss.2000). In his final decree the chancellor listed no specific findings relating to the Ferguson factors in regard to the division of marital assets.
¶ 10. The Court’s ruling on the issue above renders this issue moot; however, we would like to note that the Court is aware that George Barnes has since passed away. Therefore, Linda will inherit assets of George either through intestate succession or by his will rather than being awarded property through equitable division.
III. DID THE TRIAL COURT ERR IN NOT AWARDING LINDA BARNES ALIMONY?
¶ 11. The chancellor did not indicate in the record why he chose not to award Linda alimony. The decision to award alimony is within the discretion of the chancellor who shall consider the following factors: (1) the health of the husband and his earning capacity; (2) the health of the wife and her earning capacity; (3) the entire sources of income for both parties; and (4) the reasonable needs of the wife. Hemsley v. Hemsley, 639 So.2d 909, 912-13 (Miss.1994). This Court’s ruling makes this issue moot.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF TISHOMIN-GO COUNTY IS REVERSED AND RENDERED. ALL COSTS OF APPEAL ARE ASSESSED TO THE AP-PELLEE.
KING, C.J., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. IRVING, J., NOT PARTICIPATING.