MORRIS v. STATE.*

(Division A. Dec. 5, 1927.)

[114 So. 750. No. 26562.]

1. CRIMINAL LAW. *Defendant, by failure to secure ruling on request for instruction to disregard question asked defendant's witness and to except thereto, lost any advantage.*

   Defendant, by failing to secure ruling on request that jury be instructed not to consider question asked on cross-examination of witness for defendant and by failing to except thereto, lost any advantage by reason thereof, if mere asking of question constituted error.

2. HOMICIDE. *Defendant held properly questioned relative to deceased's having shot and wounded defendant's brother prior to killing as showing motive.*

   In prosecution for murder, defendant was properly questioned on cross-examination relative to ill feeling between him and deceased because of deceased's having shot and wounded defendant's brother during the summer prior to killing, in that it tended to show motive.

3. CRIMINAL LAW. *Reopening case after both parties rested,· for re-buttal testimony by state, held within trial court's discretion.*

Where court was adjourned late in the afternoon, after both defendant and state rested, reopening of case the next morning to permit state to introduce rebuttal testimony *held* within sound discretion of trial court, who in so doing carefully protected rights of defendant by authorizing delay for purpose of bringing any witnesses into court who had been theretofore discharged.

4. CRIMINAL LAW. *Instruction requiring belief beyond reasonable doubt that defendant killed deceased held not erroneous as assuming such fact.*

In prosecution for murder, instruction requiring jury to believe from the evidence beyond a reasonable doubt that defendant unlawfully, willfully, feloniously, and with malice aforethought, killed and murdered deceased, *held* not erroneous as assuming that defendant killed deceased.

5. CRIMINAL LAW. *Instruction that failure to prove motive constituted favorable circumstance to defendant held properly refused as being on weight of evidence.*

In prosecution for murder, instruction that failure on part of state to prove a motive for defendant's having killed deceased constituted a strong circumstance favorable to defendant, *held* properly refused as being on the weight of the evidence.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 872, n. 76; p. 940, n. 46; p. 952, n. 18; 17CJ, p. 74, n. 88 New; p. 80, n. 77; Homicide, 30CJ, p. 182, n. 69; p. 213 n. 42.

APPEAL from circuit court of Neshoba county.

HON. G. E. WILSON, Judge.

Brooks Morris was convicted of murder, and he appeals. Affirmed.

*Richardson & Pierce,* for appellant.

Appellant cites: *Beale* v. *State,* 38 So. 795; *Garner* v. *State,* 25 So. 365; *Dunk* v. *State,* 36 So. 610; *Davis* v. *State,* 37 So. 1018; *Williams* v. *State,* 198 So. 26; *Ware* v. *State,* 110 So. 503 (the recent case of *Ware* v. *State,* being strictly in point here); *De Silva* v. *State,* 47 So. 464;

*Ellerbe* v. *State,* 36 So. 57.; *Robinson* v. *State,* 16 So. 201; *Fore* v. *State,* 23 So. 710; *Walton* v. *State,* 39 So. 689.

*J. A. Lauderdale,* for the state.

Appellee cites: *Webb* v. *State,* 73 Miss. 456; *Singleton* v. *State,* 71 Miss. 782; *Storey* v. *State,* 68 Miss. 609; *Bateman* v. *State,* 64 Miss. 233; *Gilliam* v. *State,* 62 Miss. 547.; *Josephine* v. *State,* 39 Miss. 613; *State* v. *Martin,* 102 Miss. 165; *Brabston* v. *State,* 68 Miss. 208; *Golding* v. *State,* 109 So. 731; *Powell* v. *State,* 67 Miss. 119; *McCullough* v. *State,* 28 So. 946; *House* v. *State,* 94 Miss. 107; *Storey* v. *State,* 68 Miss. 609; 13 R. C. L. 746.

Cook, J., delivered the opinion of the court,

In the circuit court of Neshoba county, Brooks Morris was convicted of murder and sentenced to the penitentiary for life, and from this conviction and sentence he prosecuted this appeal. The deceased was shot and killed while standing in a church viewing the closing exercises of a negro school. Several eyewitnesses testified that the appellant shot the deceased in the back of the head without any sort of provocation. The testimony for the state makes a case of deliberate and unprovoked murder. The defense offered was an *alibi,* several witnesses testifying that, at the time of the shooting, the appellant was about one-half mile from the church, assisting in repairing an automobile tire.

On the cross-examination of Miss Moore, a witness for the defendant, she was asked this question in reference to her father, "Is he the Mr. Will Moore who asked that this case be continued here at this term of court in which he is charged with a violation of the liquor law?" Counsel for the defendant objected to this question, and the court sustained the objection, and the question was not answered. Counsel then requested that the jury be instructed not to consider it, and to this request the court

made no response. Counsel did not secure a ruling upon this request, and there was no exception to the action of the court, but they now assign as error the failure of the court to instruct the jury not to consider this question.

If the mere asking of the question may be assigned as error, the appellant lost any advantage by reason thereof when he failed to secure a ruling upon his request, and failed to except to the court's failure to instruct the jury to disregard the question.

On the cross-examination, the defendant was asked as to the feeling between him and the deceased, and he stated there was no bad feeling or ill will between them. Over the objection of counsel, he was then asked if it were not a fact that, during the summer prior to this killing, the deceased had shot and wounded defendant's brother. He admitted this fact to be true, but stated that he did not have any ill will toward the deceased on account of this prior shooting, and the action of the court in permitting this cross-examination is assigned as error. We think this testimony was admissible as tending to show bad feeling toward the deceased and a motive for the shooting.

At the conclusion of defendant's testimony, late in the afternoon, both the defendant and the state rested, and the court adjourned until the following morning. At the request of the court, counsel prepared their instructions during the night, and presented them to the judge before court convened the next morning. When court convened, the district attorney moved the court to reopen the case for the purpose of permitting the state to introduce certain rebuttal testimony. The defendant objected on the ground, principally, that his witnesses had been discharged. The court granted the request to reopen the case, but informed counsel for the defendant that the case would be delayed until any witnesses desired by him were brought into court. At the conclusion of the rebuttal testimony, the witnesses requested by the defendant were in court, but he offered no further

testimony. The action of the court in reopening the case is assigned as error.

Reopening the case to permit the introduction of rebuttal testimony was within the sound discretion of the trial court. In so doing, the rights of the defendant were carefully protected by the court, and no error was committed. The testimony offered in rebuttal was in reference to certain statements made by the defendant shortly after the shooting, as to where he was at the time of the shooting, and counsel for appellant now contend that it was incompetent and inadmissible for the reason that it tended to contradict the defendant about an immaterial and collateral matter. This testimony does not appear to have been objected to after the statement was shown to have been made freely and voluntarily, but, if the objection was intended to raise the contention now presented, we think it was properly overruled, as the statement was not about an immaterial matter.

Counsel next assign as error the giving of instruction No. 1, for the state, reading as follows:

"The court instructs the jury for the state that murder is the unlawful, willful, and felonious killing of a human being with malice aforethought, and the court further instructs the jury that, if they believe from the evidence in this case beyond reasonable doubt that the defendant, Brooks Morris, in Neshoba county, Miss., about the time testified about, did, unlawfully, willfully, and feloniously, and of his malice aforethought, kill and murder Sam Hudson, then he would be guilty of murder, and the jury should so find and return by their verdict."

The contention of counsel is that this instruction assumes that the appellant killed the deceased. There is no merit in this contention. The instruction, in clear and specific language, required the jury to believe from the evidence, beyond a reasonable doubt, that the appellant, unlawfully, willfully, feloniously, and with malice aforethought, killed and murdered the deceased, before they could convict him. It does not assume that the ap-

pellant was the criminal agent, but requires the jury to find all the facts necessary to convict appellant.    .

Appellant next complains of the refusal of the following instruction requested by him:

"The court charges the jury for the defendant that, unless you believe from the evidence that the state has proven a motive for Brooks Morris to have killed Sam Hudson, then such failure on the part of the state is a strong circumstance favorable to the defendant, and should be so considered in making up your verdict."

This instruction is clearly on the weight of the evidence, and was properly refused.    ·

This record is unusually free from error, and the judgment of the court below will be affirmed.

*Affirmed.*