BYRD v. STATE.

(Division B. Oct. 24, 1932. Suggestion of Error Overruled Nov. 21, 1932.)

[143 So. 852. No. 30220.]

Luther Maples and R. O. Bickerstaff, both of Gulfport, for appellant.

Luther Maples, of Gulfport, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

34

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted jointly with Robert A. Murrah and Will Lawrence in the circuit court of Harrison county

of the crime of arson, consisting of the burning of a dwelling house known as Sea Breeze situated in the city of Gulfport in said county, charged to have been done to defraud the Hartford Fire Insurance Company which had the property insured against loss by fire. There was. a severance, and appellant was tried alone, convicted, and sentenced to the penitentiary for seven years. From that judgment appellant prosecutes this appeal.

The three principal grounds assigned and argued for the reversal of the judgment are: (1) That the evidence was insufficient to show that the house was burned through a criminal agency; (2) that, if the evidence was sufficient to show that the house was burned through a criminal agency, it was insufficient to show that appellant was the criminal agent who did, or procured, the burning; and (3) that under the law appellant could not have been sentenced to the penitentiary for more than five years—he was sentenced for the term of seven years.

We will consider the two first grounds stated together and the third one separately. The evidence to establish the fact that the house was burned through a criminal agency, and that appellant procured and aided and abetted the commission of the act, is, as contended by appellant, very largely circumstantial. There was no eyewitness to the setting of the fire which burned the house, however, the facts and the surrounding circumstances were sufficient to show to a moral certainty and beyond all reasonable doubt—to the exclusion of every other reasonable hypothesis—that either Murrah or Lawrence, or both, jointly indicted with appellant, set the fire that burned the house and had been employed to do so by appellant for the purpose of defrauding the insurance company which had it insured against loss by fire. We see no good purpose to be answered in setting out the facts and surrounding circumstances, which, we think, meet the requirements of the law in a case of this

character. They were ample, and pointed unerringly to the conclusion reached by the jury.

Appellant was indicted under section 785 of the Code of 1930, which is in this language: "Every person who shall wilfully set fire to or burn any building or vessel, or any goods, wares, or merchandise, or chattels of any kind, which shall at the time be insured against damages or loss by fire, with intent to prejudice or injure the insurer, whether the same be the property of the offender or of any other person, shall, upon conviction thereof, be imprisoned in the penitentiary not less than seven nor more than ten years."

The crime was committed while that statute was in force, but the trial was had after chapter 272, Laws of 1932, went into effect. It will be noticed that the provision for the violation of section 785, Code of 1930, is punishment in the penitentiary for not less than seven nor more than ten years. Chapter 272 of the Laws of 1932 repealed section 785 of the Code along with other sections dealing with the crime of arson. Section 5 of that chapter is a revision of section 785 of the Code, and is in this language: "Any person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or attempts so to do or who causes to be burned or who aids, counsels or procures the burning of any building, structure or personal property, of whatsoever class or character, whether the property of himself or of another, which shall at the time be insured by any person, company or corporation against loss or damage by fire, shall be guilty of a felony and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than five years."

It will be observed that it provides for its violation a sentence in the penitentiary for not less than one, nor more than five, years. Appellant argues that he should have been sentenced under section 5 of this amendatory act instead of under section 785, Code of 1930, and that

therefore in sentencing him to the penitentiary for seven years the court exceeded the maximum sentence of five years allowed by law.

Section 1361 of the Code of 1930 is as follows: "No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes."

It will be observed that under the last clause of this section all laws denouncing acts as crime and prescribing punishment therefor are continued in operation for the purpose of imposing punishment for such crimes, "notwithstanding amendatory or repealing statutes, *unless otherwise specially provided in such statutes.*" (Italics ours.) Chapter 272, Laws of 1932, does not specifically provide that the crime of arson as defined by the repealed statutes (sections 780 to 785, inclusive, Code of 1930) shall not be punished under those statutes, but under the repealing statute; therefore, we hold by authority of section 1361, Code of 1930, that the penalty provided by section 785 of the Code governs, and that the court committed no error in imposing the sentence provided under that statute.

Affirmed.