SHAW *v.* STATE

No. 43069          November 2, 1964          168 So. 2d 632

*B. D. Statham, Harry L. Case, Jr.,* Magnolia, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

McELROY, J.

Appellant was indicted, tried and convicted in the Circuit Court of Pike County, Mississippi, under Mississippi Code Annotated section 2010 (1956), for having caused his house to be burned by another for the purpose of collecting the insurance.

Mississippi Code Annotated section 2010 (1956) provides as follows:

''Any person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or attempts so to do or who causes to be burned or who aids, counsels or procures the burning of any building, structure or personal property, of whatsoever class or character, whether the property of himself or of another, which shall at the time be insured by any person, company or corporation against loss or damage by fire, shall be guilty of a felony and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than five years.''

At the March 1963 Term the grand jury returned an indictment against Henry Lee Brumfield and William Herman Shaw, charging that the two named parties ''. . . on or about 5 day of January A. D., 1963, did wilfully, unlawfully, feloniously, fraudulently and maliciously set fire to and burn a certain building, to-wit, a dwelling, the property of William Herman Shaw, which said building was at the time thereof insured against loss and damage by fire to the amount of $7,500.00 by Agricultural Insurance Company of Watertown, New York, a corporation duly authorized to transact and carry on a fire insurance business in the State of Mississippi, with the felonious intent of them, the said defendants, to thereby injury, damage and defraud the said insurer, . . .''

■■ Appellant demurs to the indictment. It is to be noted that this indictment is in the language of the statute and sufficient to charge a statutory offense,

and we therefore believe that the court was proper in overruling the demurrer. Brower v. State, 217 Miss. 425, 64 So. 2d 576 (1953); Byrd v. State, 165 Miss. 30, 143 So. 852 (1932); Gipson v. State, 162 Miss. 480, 139 So. 868 (1932).

■■■ Henry Lee Brumfield, called ''Frog'', testified against Shaw to the effect that he had paid him $100 to burn the house, and reiterated all the circumstances about the agreement. William Herman Shaw, the defendant, confessed to the sheriff, in the presence of other officers, it being shown that the said confession was freely and voluntarily made, that he did offer the Negro $100 to burn the house, and that he owned the house and that it was insured. There seems to be no argument about the sufficiency of the proof, provided the confession was competent to be admitted.

Other than demurring to the indictment, the appellant contends the court was in error in refusing to grant a continuance when counsel for State refused to make statements of appellant available for inspection when the court, prior to trial date, had so ordered.

■■■ On motion of appellant, the court ordered the county attorney and district attorney to turn over to defendant's attorney all statements made by defendant which they had in their possession. The attorneys in the case testified that they turned over to the defense counsel all confessions and records which they had in the case. The court overruled the motion, stating that the attorney had turned over all papers in his possession. We think from the record here that the court was proper in overruling the continuance. We feel that all requirements are met as long as the State turns over to defendant's attorney the records which the court orders it to make available to him provided he possesses them. Parker v. State, 244 Miss. 332, 141 So. 2d 546 (1962).

■■■ The appellant's contention is that the court erred in permitting the jury to receive evidence of prior

crime of arson said to have been committed by appellant. The only evidence introduced from the record on this point by the district attorney is as follows:

"Q. What, if anything, happened while you were loading the furniture on the truck?

"A. He asked me about burning the house.

"Q. Who asked you about burning the house down?

"A. Mr. Shaw.

"Q. This Mr. Shaw sitting over here?

"A. Yes, sir.

"Q. What, if anything, did he say to you, Frog?

"A. I burned the shop down for him—"

The attorney for the defendant interposed an objection, stating:

"If the Court please, we object to any testimony about burning the shop."

The state further stated:

"Q. Frog, don't tell anything about burning anything other than this house. What, if anything, did he say with reference to burning the house?"

No further objection was made on behalf of the defense attorney; no request was made to exclude the answer and request the jury not to consider it; no request was made for the court to enter a mistrial; in other words, there was nothing else said on this subject. We do not believe this is reversible error. Mills v. State, 231 Miss. 687, 97 So. 2d 517 (1957); Smith v. State, 217 Miss. 123, 63 So. 2d 557 (1953); Fisher v. State, 150 Miss. 206, 116 So. 746 (1928); Morris v. State, 148 Miss. 680, 114 So. 750 (1927).

■■ ■ The appellant objects to instruction number one for the state, which is as follows:

"The Court instructs the jury for the State of Mississippi that it is not necessary for the State to prove that the defendant was physically present in Pike County, Mississippi, at the time that the dwelling actually burned."

This type of instruction was approved in Smith v. State, 221 Miss. 184, 72 So. 2d 215 (1954).

■■■ Appellant objects to instruction number three, which states in part, ". . . William Herman Shaw, aided, abetted, counseled or procured Henry Lee Brumfield to wilfully, unlawfully, feloniously, fraudulently and maliciously set fire to and burn the building . . .", and objects to the word "abetted". It is true that section 2010, above quoted, uses only the words, "aids, counsels or procures". We are of the opinion, since the word "abet" means also "to counsel", that there is certainly no error in this instruction. All instructions are to be taken together.

■■■ Appellant objects to instruction number four, which is as follows:

"The Court instructs the jury for the State of Mississippi that if you believe from the evidence in this case beyond a reasonable doubt that William Herman Shaw and Henry Lee Brumfield did form a common design and purpose to wilfully, unlawfully, feloniously, maliciously, and fraudulently injure and defraud Agricultural Insurance Company of Watertown, New York, by setting fire to and burning a certain building to-wit, a dwelling, which was at the time insured by Agricultural Insurance Company of Watertown, New York, against loss or damage by fire, and if you further believe from the evidence in this case beyond a reasonable doubt that there was such a common design and purpose, and that pursuant to that common design and purpose Henry Lee Brumfield did wilfully, feloniously, fraudulently and maliciously set fire to and burn the said building at a time when the said building was insured by the said Agricultural Insurance Company of Watertown, New York, against loss or damage by fire, then it is your sworn duty to find the defendant, William Herman Shaw, guilty as charged; and in such event the form of your verdict may be:

"We, the jury, find the defendant guilty as charged."

We feel that in drawing this instruction State was trying to follow section 2010 of the Code, supra, and, since the instruction is practically in the words of the statute, if they found from the evidence that certain things existed and believed beyond a reasonable doubt that defendant was guilty, there was no reversible error in this instruction.

We find from the record that there is no reversible error and the case is therefore affirmed.

Affirmed.

*Lee, C. J., and Rodgers, Jones and Patterson, JJ.,* concur.