271 So.2d 427 (1973)
Barry Lynn AUMAN
v.
STATE of Mississippi.
No. 47068.
Supreme Court of Mississippi.
January 2, 1973.
*428 J. Luther Austin, Laurel, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Special Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Appellant was convicted of the crime of robbery and sentenced to serve 15 years in the State Penitentiary by the Circuit Court of the Second Judicial District of Jones County, Mississippi.
At approximately 8:30 p.m. on December 21, 1971, the S.H. Kress Company store in Laurel, Mississippi, was robbed. A description of the robber was obtained from Sheila Thornton, the cash register clerk who was robbed, and a description of the automobile in which the robber left the scene was obtained from two witnesses outside the store. The Hattiesburg police were notified of the robbery by a bulletin broadcast by the Mississippi State Highway Patrol giving a description of the car and the suspect and that a "John Doe" warrant had been issued. An off-duty policeman saw a car fitting the description of the car mentioned in the bulletin parked outside the Peppermint Lounge in Hattiesburg, Mississippi, and notified the Hattiesburg Police Department. Members of the Hattiesburg Police Department proceeded to the Peppermint Lounge and found the appellant, who was the only white person in the place leaning over a bar talking to a woman. The officers saw a gun "sticking out where you could see it," arrested him, removed the gun and took him outside to the automobile. Appellant denied that the automobile was his, but the officers removed a key from the person of appellant, searched the car and recovered three checks that were taken in the robbery.
The first assignment of error is that the court erred in overruling his motion to suppress evidence obtained by placing him in a line-up and taking photographs of him because he had no attorney present at the time.
After the arrest of appellant, he was carried to the Hattiesburg Police Department and placed in a line-up. Appellant was photographed while in the line-up, and was told by the Hattiesburg police that they needed an extra man in the line-up, but the line-up had nothing to do with the charges against him. The witness, Sheila Thornton, was not present and did not view the appellant at the line-up, but apparently was shown pictures on the next day that were taken by the Hattiesburg Police Department. Miss Thornton testified that the police showed her some pictures and asked her if that was the man who had robbed Kress and she stated that it was. She stated that the police requested her to look at the pictures and she identified appellant from the pictures as the man who had robbed her the night before.
Appellant was lawfully arrested and under the provisions of Section 2610, Mississippi Code 1942 Annotated (Supp. 1964), the police were authorized to photograph the defendant. Smith v. State, 229 So.2d 551 (Miss. 1970). Appellant was not entitled to counsel at the time he was photographed by the police and the failure to appoint counsel before the photographs were taken did not violate the rights of the appellant to counsel contained in the Sixth Amendment to the Constitution of the United States.
In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), petitioner and a companion were stopped for interrogation by police officers. When they produced a wallet that contained three travelers checks and a Social Security card, all bearing the name of Willie Shard, the officers arrested petitioner and his companion because they were not satisfied with the explanation of the possession of the above articles. After arriving at the police station the arresting officers learned that Shard had been robbed on February 20, *429 1968. Shard was brought to the police station on February 22, 1968, and positively identified petitioner and his companion as the men who had robbed him two days earlier. Petitioner had not been advised of his right to the presence of counsel and no counsel was present when Shard made the identification.
The Supreme Court granted certiorari limited to the question of whether or not the rule announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) was applicable to pre-indictment confrontations. Under the facts of the case the Supreme Court held that petitioner's Sixth and Fourteenth Amendment rights had not been violated and in disposing of the question stated:
In this case we are asked to import into a routine police investigation an absolute constitutional guarantee historically and rationally applicable only after the onset of formal prosecutorial proceedings. We decline to do so. Less than a year after Wade and Gilbert were decided, the Court explained the rule of those decisions as follows: "The rationale of those cases was that an accused is entitled to counsel at any `critical stage of the prosecution,' and that a post-indictment lineup is such a `critical stage.'" (Emphasis supplied.) Simmons v. United States, 390 U.S. 377, 382-383, 88 S.Ct. 967, 970, 19 L.Ed.2d 1247. We decline to depart from that rationale today by imposing a per se exclusionary rule upon testimony concerning an identification that took place long before the commencement of any prosecution whatever. (92 S.Ct. 1877, 1882-1883, 32 L.Ed.2d 411, 418).
In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), Simmons contended that his pictures were shown to witnesses and the identification procedure was so unduly prejudicial as to fatally taint his conviction. The Court held that a claim of this nature must be evaluated in the light of the surrounding circumstances and stated in its opinion:
Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power, or still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301-302, 87 S.Ct. 1967, 1972, 1973, 18 L.Ed.2d 1199, and with decisions of other courts on the question of identification by photograph. (390 U.S. at 384, 88 S.Ct. at 971, 19 L.Ed.2d at 1253.)
In Simmons the robbery took place in a well lighted area, the robber wore no mask and the photos were shown to the witnesses the day after the crime was committed. The same facts are present in the instant case and there is nothing in the record to indicate that a suggestion of guilt was made when the pictures were viewed by the witness. The motion to suppress was properly overruled by the trial court.
*430 Appellant's second assignment of error is that the court erred in overruling the motion to suppress the evidence obtained by a search of his automobile without a search warrant.
The proof shows that witnesses identified an automobile leaving the scene of the burglary as being a green Mach I Mustang bearing an Alabama license plate. The automobile was found at the Peppermint Lounge which led to the arrest of the defendant. His arrest was lawful and the search of the automobile was likewise lawful because there was probable cause to search the vehicle. Nobles v. State, 241 So.2d 826 (Miss. 1970). In Dorsey v. State, 243 So.2d 550 (Miss. 1971), this Court held that when an automobile was used in a crime it was the duty of officers, not only to seize the automobile, but, to preserve it as evidence and a search of the vehicle though not incidental to arrest was reasonable. In Curry v. State, 249 So.2d 414 (Miss. 1971), this Court held that where there was probable cause to arrest defendant and three other occupants of defendant's automobile a warrantless search of the automobile in defendant's presence immediately after arresting officers brought the four arrestees to the police parking lot was reasonable and lawful although perhaps not justified as a search incident to an arrest.
Wolf v. State, 260 So.2d 425 (Miss. 1972), involved a second search of an automobile after it had been carried to the police station and this Court held that the search was reasonable and that a warrantless search of a motor vehicle relates not necessarily to the guilt of any individual but to the reasonable belief that there is evidence in the particular automobile.
The court properly overruled the motion to suppress the evidence obtained by a search of appellant's automobile because probable cause existed for the search and the search was made immediately after the arrest of appellant.
Appellant contends by his third assignment of error that he was tried for robbery on an indictment for armed robbery. In Boggan v. State, 176 Miss. 655, 170 So. 282 (1936), Boggan was tried on an indictment charging robbery with a deadly weapon but was convicted of robbery without firearms. The Court held that this was permissible because Section 2367 Mississippi Code 1942 Annotated (1956) contains all of the elements of the crime of robbery as defined by Section 2362 Mississippi Code 1942 Annotated (1956). Section 2523 Mississippi Code 1942 Annotated (1956), provides the following:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
This statute controls and the court committed no error by ruling in accordance therewith.
Appellant contends that permitting Laurel Police Officer Campbell to testify that appellant confessed to the crime was reversible error. The record with respect to this confession appears as follows:
Q And you all went and picked him up and returned him to Laurel, Mississippi?
A Yes, sir.
Q And did you question the defendant?
A Yes, sir, after we got back to the police department.
BY MR. AUSTIN:
If the Court please, we object to that. We think it might be developed in the absence of the jury.
BY THE COURT:
What is the basis of your objection?
*431 BY MR. AUSTIN:
Well, that he had no counsel and no counsel had been appointed and that it had been requested.
BY THE COURT:
Overrule the objection. Proceed.
BY MR. ODOM:
Q All right, sir, and did you say you talked to him?
A Yes, sir, Capt. Segrest advised him of his rights at Hattiesburg briefly and we brought him back to the detective bureau of the police department here in Laurel and Capt. Segrest advised him of his rights in detail and then he questioned him and he admitted to pulling the job of armed robbery at the Kress store 
BY MR. AUSTIN:
 we object for the same reasons as stated.
BY THE COURT:
Sustained.
BY MR. ODOM:
Q What did Capt. Segrest advise him  what did his advice consist of?
A He advised him he didn't have to tell us anything; he was entitled to an attorney if he desired one, and that anything he said could be used against him in a court of law, and  if he told us anything.
Q Did you offer him any reward to talk?
A No, sir.
Q Did you offer 
BY THE COURT:
 just a minute. Let the jury be retired.
(WHEREUPON THE JURY RETIRED TO THE JURY ROOM.)
BY THE COURT:
Let the record show that whenever it became apparent that this witness took the stand for the purpose of introducing a confession that the Court on its own asked the jury to be retired that this might be done, as the law directs, in the absence of the jury.
All right, now proceed.
After the jury was retired the witness Campbell was questioned further about the confession and appellant took the stand in his own behalf to show that the confession was involuntary in that he was refused counsel until after he confessed.
The court sustained the objection to the voluntariness of the confession because the State did not offer as a witness one of officers involved in the interrogation of the appellant. Before the jury retired the court sustained an objection to a statement of the witness Campbell that: "He admitted pulling the job of armed robbery at the Kress store." Appellant did not make a motion that the jury be instructed to disregard the statement of the witness and did not make a motion for a mistrial.
In Shaw v. State, 250 Miss. 785, 168 So.2d 632 (Miss. 1964), in passing on appellant's contention that the court erred in permitting the jury to receive evidence of a prior crime of arson said to have been committed by appellant, the Court stated:
No further objection was made on behalf of the defense attorney; no request was made to exclude the answer and request the jury not to consider it; no request was made for the court to enter a mistrial; in other words, there was nothing else said on this subject. We do not believe this is reversible error. Mills v. State, 231 Miss. 687, 97 So.2d 517 [93 So.2d 821] (1957); Smith v. State, 217 Miss. 123, 63 So.2d 557 (1953); Fisher v. State, 150 Miss. 206, 116 So. 746 (1928); Morris v. State, 148 Miss. 680, 114 So. 750 (1927). (250 Miss. at 790, 168 So.2d at 634).
*432 In the instant case when appellant objected to the statement of the witness Campbell, the objection was sustained; no request was made to exclude the answer and no request was made to instruct the jury not to consider it. The appellant at this point, instead of making a motion for a mistrial, took his chance on submitting the case to the jury. It is now too late after an adverse jury verdict to argue that error was committed. The court did all that was requested of it by the appellant and we do not consider this to be error. If a defendant is of the opinion that he is entitled to a mistrial at any stage of the proceedings, such motion should be timely made. He is not permitted to submit the question of his guilt or innocence to a jury and, after an adverse jury verdict, contend on appeal that a mistrial should have been granted absent such request.
By his fifth assignment of error appellant contends that the court erred in refusing the following instruction:
The Court instructs the jury for the defendant that if there is in your minds on the whole testimony in this case a reasonable probability of the defendant's innocence, then there is a reasonable doubt of his guilt, and the jury should vote to acquit him.
It was error for the court to refuse the requested instruction but in view of the fact that the jury was instructed as to reasonable doubt by other instructions of the defendant, the instruction was cumulative and repetitious.
In Burns v. State, 228 Miss. 254, 87 So.2d 681 (1956), and Brown v. State, 219 Miss. 748, 70 So.2d 23 (1954), the Court had the same question before it and held that it was not reversible error to refuse the instruction in view of other instructions given on the question of reasonable doubt.
We are of the opinion that other instructions granted appellant on the issue of reasonable doubt amply covered the matter so the failure to give the instruction was not reversible error.
For the reasons stated, the verdict of the jury and sentence of the trial court are hereby affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH and BROOM, JJ., concur.