440 So.2d 544 (1983)
Jesse ALLEN, Jr., a/k/a Jesse James Allen, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 54452.
Supreme Court of Mississippi.
September 21, 1983.
Rehearing Denied November 16, 1983.
Jesse Allen, Jr., pro se.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*545 Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
On May 23, 1973, Jesse James Allen, Jr., and several companions robbed the Citizens Bank of Hattiesburg. He was subsequently indicted for armed robbery which at that time carried a maximum punishment of death except that
in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years. Miss. Code Ann. § 97-3-79 (1972). [Emphasis added].
Pursuant to this statute, Allen received a sixty year sentence.
Subsequent to the date of his crime, but prior to the date of his sentence, the Legislature amended the statute.[1] The possible penalty of death was eliminated. The jury was empowered to sentence the defendant to life imprisonment. Where the jury failed to do so, the court was empowered to fix the penalty at imprisonment for a term reasonably expected to be less than life. Miss. Laws of 1974, ch. 576 § 4 (effective April 23, 1974). See Stewart v. State, 372 So.2d 257 (Miss. 1979).
To be sure, under the amended statute Allen's sentence is too long. He was 26 years old at the time he was ordered to serve 60 years in prison. This exceeds his life expectancy. Under the amended statute the Circuit Judge could only have imposed a sentence reasonably expected to be less than life. Stewart v. State, supra. Under the pre-April 23, 1974, version of the statute, a 60 year sentence was within the sentencing judge's power.
Allen argues that he should have been sentenced under the amended statute. He presented the matter to the Circuit Court of Forrest County via a petition filed under Rule 8.07 of our Uniform Criminal Rules of Circuit Court Practice. On November 17, 1982, the Circuit Court entered its order denying Allen any relief. It is from that order that he has prosecuted the instant appeal.

II.
We are presented two questions, the first, one of power, the second, involving the exercise of discretion.

A.

1.
The power to prescribe penalties to be exacted from those committing acts made unlawful under the criminal laws of this state is vested entirely in our Legislature. Purely and simply, our Legislature fixes the punishments for crimes. Gabriel v. Brame, 200 Miss. 767, 773, 28 So.2d 581, 583 (1947); Howell v. State, 300 So.2d 774, 780 (Miss. 1974); Upshaw v. State, 350 So.2d 1358, 1360 (Miss. 1977). There can be no doubt but that it was in the lawful power of the Circuit Court of Forrest County to impose upon Allen any sentence authorized by Section 97-3-79 as that statute read on May 23, 1973, the date on which Allen robbed the bank.[2]
Our Legislature has provided that persons situated such as Allen may be sentenced under the penalty provisions of the statute existing at the time the offense is committed. Miss. Code Ann. § 99-19-1 (Supp. 1982), which has been on the books at least since 1902, provides as follows:
No statutory change of any law affecting a crime or its punishment ... shall affect or defeat the prosecution of any crime committed prior to its enactment, ...; and all laws defining a crime or prescribing its punishment, or for the imposition *546 of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.
There is no express provision in the amended Section 97-3-79 articulating the legislative intention that the new penalty applied to offenses committed prior to April 23, 1974. We find it indisputable that the Circuit Court had power to impose upon Jesse James Allen, Jr. any sentence within the scope of the statute as it was written on the date he committed his offense. Byrd v. State, 165 Miss. 30, 36-37, 143 So. 852, 853 (1932). A sixty year sentence was within that scope.
Alternatively, Allen argues that Section 97-3-79 had been stripped of its power to authorize any sentence by Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Without doubt Furman had rendered the death penalty portion of the statute unenforceable. The power to impose a sentence less than death remained unimpaired. Cf. Capler v. State, 268 So.2d 338, 339-340 (Miss. 1972); Lampley v. State, 308 So.2d 87 (Miss. 1975).

B.
Our second question is one of discretion. This is not the first time we have faced this sort of situation: where after a criminal act the legislature ameliorates the punishment which may be imposed therefor. In such cases it is within the sentencing judge's sound discretion to proceed under the new ameliorating sentencing statute, though he has the power to invoke the old statute. Miss. Code Ann. § 99-19-33 (1972); see also Lampley v. State, 308 So.2d 87 (Miss. 1975); and Byrd v. State, 165 Miss. 30, 143 So. 852 (1932). We will reverse the sentencing judge only where there has been a clear abuse of that discretion.
We have reviewed Allen's application filed June 4, 1982. Nothing in that application suggests any abuse of discretion. What  and all  Allen argues is that the sentencing judge erred as a matter of law, that he was in law bound to act under the amended statute and conversely that he was without power to impose any sentence not lawful under the amended statute. We have disposed of that contention above. Finding that Allen makes no charge of abuse of discretion, we have no alternative but to affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] The applicable chronology is:

May 23, 1973 Allen robbed the bank
April 23, 1974 Sentencing statute amended
November 18, 1974 Allen sentenced to serve 60 years.

[2] There is no ex post facto problem here, for Allen was sentenced under the statute as it existed on the date of his offense. This is what is supposed to be done. Weaver v. Graham, 450 U.S. 24, 31, 101 S.Ct. 960, 965, 67 L.Ed.2d 17, 24 (1981); Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).